# WHEELING.

1873.
June Term.

STANDIFORD VS. GOUDY.

JAMES STANDIFORD, PLAINTIFF AND APPELLANT,
*against* JOHN GOUDY, DEFENDANT AND APPELLEE.

Decided July 10th, 1873.

## SYLLABUS.

A declaration in case in the form given by Chitty, alleging generally the Plaintiff's possession of a messuage and incident right to a way over another close, and the obstruction by the defendant of the latter right, is good.

But a declaration purporting to set forth facts that constitute such a right, and so indicating that no others material exist, if it does not show facts sufficient, though it super-adds a general statement that otherwise might be adequate, is nevertheless bad.

When the owner of two tracts of land has used a way to and from one over the other, no matter how long, and he grants the former tract, without mention of any way, unless the way be necessary to the enjoyment of the tract granted, the mere grant of the land does not create or confer a way appendant, appurtenant or in gross.

The Statutory provision that a deed, unless an exception be contained in it, shall be constructed to include appurtenances, does not apply to the creation of easements, but to the transfer of those already existing.

When a declaration contains two counts, one of which is good and the other bad, and there is a demurrer to the whole, but not to each count, the demurrer should be overruled.

The case is stated in the opinion of the Court.

*Ewing* for Plaintiff.

*Cresnell* for Defendant.

HOFFMAN, Judge.

This is an action of trespass on the case, the declaration in which contains two counts.

The first count alleges that before and at the time of the committing of the grievance therein mentioned, the Plaintiff was, and thence hitherto has been, and still is lawfully passed of a messuage with the appurtenances; and by reason thereof, the Plaintiff, during that time, ought to have had and still of right ought to have, a certain way from the messuage, through and over a certain close, to a public highway, described, and so, back from the same, at a point mentioned, through and over the close, to the messuage, for himself, his servants and tenants to pass and repass, on foot and with wagons, horses, cattle and other live stock, at all times of the year, at his or their free will and pleasure: Yet the Defendant, while the Plaintiff was so possessed of the messuage and so entitled to the way, wrongfully and injuriously stopped up and obstructed the way; and the Plaintiff could not, during the time mentioned, and can not have and enjoy his way, as he, of right, ought to have done, and otherwise might and would have done, and is deprived of the use and advantage thereof.

According to the practice, well recognized, whether we approve it or not, declarations in actions of trespass and case for the recovery of damages to real estate, generally state the right of property in the least definite manner conceivable, and merely mention the land, without any description that serves any practical purpose of distinguishing it from any other tract of the same character. Even

the declaration in ejectment, when the suit was prosecuted to recover the property itself, before the late legislation on the subject, was not more specific.

Neither the owner of the soil over which another has a way, nor a stranger, has a right to obstruct it. The count for such obstruction, then, need not state who owns the soil.

This count is in the form prescribed by Mr. Chitty and approved by Mr. Robinson. 2 Chit. Pl. 808–10; 3 Rob. Pr. 795. It alleges, generally and comprehensively, the Plaintiff's right and the Defendant's violation of it. The count is good.

The second count alleges that one Woods was the owner in fee-simple of two co-terminous tracts of land, the first and second, separately bounded as specified; that Woods, by deed, conveyed the first of the tracts to one Sharnock in fee-simple, and he, by deed, conveyed the same to the Plaintiff in fee-simple; that by virtue of these deeds Sharnock took, and from him the Plaintiff took, a way appendant to the first tract, at and before the deed from Woods to Sharnock, which way runs and did then commence and run from that tract, through and over the second tract, to a public highway, described; and that, till the time of the committing of the grievance therein mentioned, the Plaintiff was, and thence hitherto has been and still is, lawfully possessed of the first tract, and, by reason thereof, the Plaintiff, during the time mentioned, ought to have had, and still of right ought to have and did have, until the happening of the grievance mentioned, the way, described as in the former count. Yet &c; as in that count.

This count purports to state, not merely that the Plaintiff had a right of way, such as is referred to; but to set forth the facts that constitute his title. It indicates, negatively, that if these facts do not make his right, he has none.

It is said that prescription requires a continued enjoyment of an incorporeal hereditament, for a time without

1873.
June Term.

Standiford
v.
Goudy

memory to the contrary; and that such prescription can not exist in this or any other State in the Union. And it is stated that a right of way is appendant only when it is prescriptive. But it is generally asserted—and I believe not controverted—that the presumption of a pre-existing grant, under which the way has been used, is the foundation of the prescription. For this reason, principles of pleading applicable to contracts are applied to prescription—though prescription is not pleaded as a contract. And the use of a way, with claim of right, for a period long enough to bar an action for the recovery of land, creates the presumption of a grant—which is sometimes called prescription. I do not perceive that these classes of rights differ in their origin or character, though they may vary as to duration of the enjoyment that evinces, and perhaps as to the conclusiveness of the presumption that secures them. Nor do I perceive that a right incident to one tract of land, to a way through another, is any more or less appendant or appurtenant, because it is secured by prescription founded in imme-morial enjoyment, or the presumption of a grant from enjoyment continued for a limited peiod, or the impli-cation of a grant from necessity, in order to the enjoy-ment of land conveyed, or an express grant or creation of right. But, as the word appendant has been used in the restricted sense already mentioned, while the word appurtenant has not been so limited, in its employment, the latter may be preferable in pleading as well as in conveyancing.

The count in question, however, indirectly alleges or indicates that while Woods owned the two adjoining tracts of land, he had, appendant to the one, a way over the other. This is a contradiction. The absolute owner of both tracts can not have an easement over the one ap-pendant or appurtenant to the other.

When the owner of two tracts of land has used a way to and from one, over the other, no matter how long, and he grants the former tract without mention of any

way, unless the way is necessary to the enjoyment of the tract granted, the mere grant of the land does not create or confer a way appendant, appurtenant, or in gross.

The statute, declaring that a deed, unless an exception be contained in it, shall be construed to include appurtenances, does not apply to the creation of easements, but to the transfer of those already existing.

The count does not allege any necessity for a way over the tract retained, in order to the enjoyment of the tract granted, or any fact that would imply the grant of such a way. Nor does it indicate that there was an express grant of a way. The count is therefore bad.

The Defendant demurred to the declaration, but not to each count; and the Court sustained the demurrer.

As the demurrer was to the whole declaration, one count of which was good, and was not to each count, the demurrer should have been overruled.

The judgment of the Circuit Court is reversed, the demurrer overruled, costs awarded the Appellant, and the cause remanded for further proceedings according to law.


HAYMOND, President, PAULL and MOORE, Judges, concur in the foregoing opinion.