## ANNA WAMPACH vs. ST. PAUL & SIOUX CITY RAILROAD COMPANY.

### March 2, 1875.

**Complaint for Trespass—Construction of Railroad in Street.**—*Hartz v. St. P. & S. C. R. Co.*, *ante* p. 358, and *Spencer v. St. P. & S. C. R. Co.*, *ante* p. 362, followed.

**Same—Special Damages not Recoverable, unless pleaded.**—In an action against a railroad company for trespass in constructing and operating its railroad for six years upon a public street in front of plaintiff's lots, where the complaint does not allege the existence of any buildings on the lots, or injury to the use of the lots, or any special damage whatever, plaintiff cannot recover for loss of the use of the lots, loss of rent of shops, or loss of custom in business.

Appeal by defendant from an order of the district court for Scott county, *Chatfield*, J., presiding, refusing a new trial. This, like the two preceding cases, was an action for damages for trespass on plaintiff's land, the pleadings, so far as material, being the same as in those cases, except that in this the *locus in quo* is described in the complaint as Lots 6 and 7 in Block 33.

*John L. Macdonald*, for appellant.

*L. M. & D. A. Brown*, for respondent.

McMILLAN, C. J. The first objection made by the defendant, that the testimony upon the trial shows that the trespass, if any was committed, was not committed upon the premises described in the complaint, is disposed of adversely to the defendant by the cases of *Spencer* v. *St. Paul & Sioux City R. Co.*, ante p. 362, and *Hartz* against the same defendant, ante p. 358.

John Wampach, having been called and sworn as a witness for the plaintiff, in the course of his examination stated that the railroad was constructed over six years ago, that his wife, the plaintiff, owned these lots then; and testified farther that when the railroad was first constructed, in 1865, there were three buildings on the lots, used respectively for blacksmith shop, wagon shop and dwelling; that the operation of the railroad has had a large effect on the value of the use of the property, and that it has been injurious; that in consequence of the railroad being there, farmers would not come to the shop to have work done, as they used before; that he moved the shop buildings off these lots, five years ago in May last; that he had no use for them there, because shops could not do any more business; that he has means of knowing the damage done yearly to his wife's property by reason of the railroad being there.

The plaintiff then asked witness, "What, in your judgment, has been the amount of damages your wife has sustained, by reason of the operation of this road, for the past six years prior to May 3, 1873?"—to which the defendant objected, as being irrelevant, incompetent and immaterial, and too general. The court overruled the objection, and the defendant excepted to such ruling. The witness answered, "I guess $300 a year; that is my belief, my judgment." The most favorable construction for the plaintiff to be given to this question is that it called for the judgment of this witness as to the damages to the plaintiff, by reason of the loss of the use of the premises. That the witness so understood the question is manifest from his cross-examination, during the course of which he says:

"The $300 stated by me as damages per year, I make up by computing $175 per year for rent of shops, and $125 for loss of custom to my business."

The complaint contains no.allegation whatever that there were any buildings whatever upon the premises, nor that the use of the premises ever was injured, or any facts from which the law will imply any special damages to the plaintiff's property. The objection to the question should have been sustained. It is not necessary to consider any other question in the case. The judgment appealed from is reversed, and a new trial ordered.