# CHARLESTON.

## FLEMING v. RAILROAD COMPANY.

Submitted September 5, 1901.    Decided March 8, 1902.

1.  RIGHT OF WAY—*Obstruction—Limitations*.
    An action for obstructing a right of way over real estate is
    not barred by the statute of limitations in one year.   (p. 56).

2.  PRIVATE WAY—*Obstruction—Special Damages*.
    In an action for damages for obstructing a private way, to
    entitle plaintiff to prove special damages for loss of business
    and custom, the causes of the loss must be specially set out
    and the particular loss alleged.   (pp. 55, 56).

Error to Circuit Court, Marion County.

Action by Joseph M. Fleming against The Baltimore and
Ohio Railroad Company.

Judgment for plaintiff and defendant brings error.

*Reversed.*

JOHN BASSEL and U. N. ARNETT, for appellant.

W. S. MEREDITH, for appellee.

McWHORTER, JUDGE:

This was an action of trespass on the case brought in the cir-
cuit court of Marion County by Joseph M. Fleming against the
Baltimore and Ohio Railway Company for damages for ob-
structing a right of way over the tracks of the railway company
to the saw mill of the plaintiff located between the tracks of the
company and the Monongahela river near Fairmont.   The case
was tried before a jury which returned a verdict for the plain-
tiff, assessing the damages at fifteen hundred dollars.   De-
fendant moved the court to set aside the verdict and grant it a
new trial on the ground that the verdict was contrary to the
law and the evidence, and the additional ground that the ver-
dict was excessive and because the court erred in refusing to give
certain instructions, asked for by the defendant and objected to
by plaintiff, and in giving certain other instructions, asked for
by plaintiff and objected to by defendant.   The court overruled
the motion and entered judgment upon the verdict.   In the

course of the trial the defendant took several bills of exceptions to the rulings of the court which were signed and made a part of the record. Defendant obtained a writ of error to said judgment and the first assignment of error is the overruling of the demurrer to plaintiff's declaration and to each count thereof. The declaration contains two counts. The first is substantially the same as that passed upon and held good by this Court in *Standiford* v. *Goudy,* 6 W. Va. 364, and is also the form given in Chitty's Pleading. The second count is similar to the first, and in addition sets up special circumstances; that the plaintiff had, during all time alleged from June, 1890, to May 31, 1895, the time of bringing the suit, upon his tract of land, set out in the declaration, of which he was in possession, a certain saw mill belonging to plaintiff and used by him for the purpose of sawing, into lumber and planks and scantlings, &c., logs and timber for profit and reward; and that during all said time plaintiff ought to have had and still of right ought to have a certain way from the said tract of land and mill unto and over a certain close or tract of land belonging to the defendant, over which it owned and operated a railroad, unto and into a certain public highway and so back again over the said close of defendant and from thence to the said tract of land and mill of plaintiff, for himself and his servants and all the public desiring to go to his said mill for the purpose of having logs and timber sawed into plank, lumber, scantling, &c., by plaintiff with his said mill and for the purpose of purchasing from plaintiff timber, plank, scantling, &c., to go, return, pass and repass at all times at his and their free will and pleasure, on foot, with horses and wagons and carts; yet the defendant well knowing the said premises and wrongfully and unjustly intending to injure, &c., wrongfully and injuriously stopped and obstructed the said way and so deprived him of his said right of way. The demurrer to the declaration is not insisted upon by the plaintiff in error, but it is insisted that under the declaration plaintiff was only entitled to recover nominal damages and the court violated well settled rules of pleading by allowing plaintiff in error to prove special damages, by offering evidence as to the value of the mill per year, as to the number of people who had been obstructed or prevented from going to the mill with wagons for the purpose of purchasing lumber or taking lumber to the mill for the purpose of having it dressed.

The declaration is not sufficiently specific as to the special damages undertaken to be proved by the plaintiff to authorize such proof to be introduced. There is no doubt about the plaintiff's being entitled to maintain his action under the declaration as it exists and to recover nominal damages. As stated in 5 Am. & Eng. Enc. L. 4, "Proof of the violation of any legal right entitles the injured party to some damages. If no actual damages appear, nominal damages are given for the technical injury." And the authorities go so far as to hold that even though the injury result in an actual benefit to the plaintiff, he is entitled to nominal damages. *Stowell* v. *Lincoln,* 11 Gray (Mass.) 534; *Gile* y. *Stephens,* 13 Gray 136; *Bond* v. *Hilton,* 2 Jones (N. C.) 139. In 5 Am. & Eng. Enc. L. 50 it is said: "Special damages which are for the natural, but not the necessary results of the act complained of must be specially alleged"; and in note 1, beginning on same page, "In an action for obstructing a right of way damages for consequent diminution of rental value and loss of rent cannot be recovered unless specially alleged." Cites *Adams* v. *Barry,* 10 Gray 361; *Vanderslice* v. *Newton,* 4 N. Y. 130; *Stevenson* v. *Smith,* 28 Cal. 102; and many other authorities there cited. And under same note, "In trespass against a railroad company for operating its line in front of the plaintiff's premises, unless there is a special allegation, loss of rent, loss of business, &c., cannot be proven." *Wampach* v. *R. R. Co.,* 21 Minn. 364. "And generally to recover for the loss of rent or of business the causes of the loss must be specially set out and the particular loss alleged." *Myer* v. *Davies,* 17 Ill. App. 228; *Froreich* v. *Gammon,* 28 Minn. 476. "Special damages must be specially alleged." *Lewis* v. *Paul,* 42 Ala. 136; *Marshall* v. *Wood,* 16 Ala. 807; and citations to the same effect are given from Col., Conn., Ill., Cal., Minn., N. Y., Mich., N. J. and Wis.

The second count of plaintiff's declaration alleges that a certain saw mill belonging to plaintiff was situated on his said land and used by him for the purpose of sawing, into lumber and plank and scantling, &c., logs and timber for profit and reward, but does not allege affirmatively that his business was injured or his profit and reward diminished by reason of the obstruction complained of, as it should have done to entitle him to special damages. Some authorities are cited by defendant in error to show that he is entitled to general or compensatory

damages, notably the case of *Smiles* v. *Hastings,* 24 Barb. 44, where it is held: "In an action for obstructing a right of way the plaintiff is not to be limited to the recovery of nominal damages." In that case it does not appear what the pleadings were and it simply said in the opinion "It seems to us also, that the justice, before whom the action was tried, should not have limited the plaintiff to nominal damages. The plaintiff offered to prove that he had sustained damages by reason of the obstruction of the way in question by the defendant, which the justice refused; and held, as matter of law, that the plaintiff was entitled only to nominal damages. We are to intend that the evidence offered by the plaintiff was legal evidence of damages and there appears no sufficient reason why it was excluded." We are unable to see from the opinion whether it would be applicable to the case at bar, as in conflict with the many authorities hereinbefore cited. It will appear from what has been said that the following instruction offered by the defendant: "The jury is further instructed that the plaintiff cannot, under the declaration in this action, recover damages for loss or injury resulting to his business or for diminution of the profits from his mill by reason of the obstruction, if any occurred, to the right-of-way by the defendant. And the jury is further instructed that under the pleadings in this action if the jury should find that the plaintiff has acquired title to the right-of-way in controversy as against the defendant, the jury could only assess nominal damages in favor of the plaintiff, and could not, under the pleadings in this action, award damages to the plaintiff by reason of the diminished profits of his mill or loss of his business, by reason of such obstruction," should have been given.

Plaintiff asked for two instructions, the one as follows: "The jury are further instructed that if they believe from the evidence that the plaintiff acquired a private right-of-way on or before the 31st day of May, 1890, and that the same continued until the 31st day of May, 1895, the time of the bringing of this suit, and that the defendant within said time obstructed the plaintiff's said right-of-way by permitting its cars to remain deposited on its railroad track, and at the place where the plaintiff's right-of-way crossed the said track, then the plaintiff is entitled to recover such damages as from all the circumstances proved in this case he has sustained by reason of such obstruction within said time by said defendant" set out in plaintiff's bill of excep-

tions 13; and another instruction as follows: "The jury are further instructed that if they believe from the evidence that the defendant obstructed the said right-of-way of the plaintiff by depositing its cars on its railroad track, immediately on or over said plaintiff's right-of-way within the said time between the 31st day of May, 1890, and the 31st day of May, 1895, then the plaintiff is entitled to recover such damages as the jury believes from the evidence he has sustained by reason of such obstruction, notwithstanding the fact that they may further believe from the evidence that the plaintiff's said right-of-way·has been obstructed at various times by the Monongohela River Railroad Company depositing cars on its own track within the·said time on the said right-of-way," set out in bill of exceptions 14. These instructions are wrong for the reason claimed by defendant. They wholly ignore the important and material qualifications that the jury must believe that such obstruction was unreasonable and unnecessary; that as the instructions stand if they believe from the evidence that there was an obstruction, then they are directed to find for the plaintiff, however necessary on the part of defendant and however reasonable in point of time or circumstance the obstruction might have been, yet, under the instructions, the plaintiff would be entitled to recover. From the very nature of the defendant's business the right-of-way would at times be necessarily obstructed, whether such obstruction was absolutely necessary on the part of the business of the defendant, and whether the same was reasonable was a question for the jury. The defendant was entitled to its track for the use of its cars and even to deposit the cars upon the tracks and let them remain there to suit its convenience as long as they did not interfere with plaintiff's use of his right-of-way. One witness for plaintiff, D. E. Thomas, testified that in 1894, when in the employment of the defendant company, he had about fifty-four or fifty-six shop cars on what was known as the New York side track, which remained on the track from May until the latter part of August or September, and the cars were over and blocked the crossing all that time; and another witness, William West, said he had known the crossing to be blocked for weeks by cars on the New York track. I presume these instructions are based upon this evidence, and while the evidence seems to be uncontradicted as to these facts, I fail to find any evidence showing or tending

to show that plaintiff requested the opening of said crossing at any of these particular times when it was closed for a long time, or that the use of the right-of-way was necessary for plaintiff at such time. Defendant introduced many witnesses who were, or had been, in the employment of the defendant company who uniformly testified that their instructions were to keep the way open, and they invariably, when requested, opened the same as soon as possible. Whether the plaintiff needed the use of his right-of-way and was deprived thereof during the time that the right-of-way was so blocked at those particular times was a question for the jury. Such evidence of defendant should have been noticed in such instructions and they should have been qualified or modified accordingly. "A frequent error in instructing juries lies in the habit of singling out particular facts of the case and instructing the jury with reference to them, while ignoring other essential facts as to which the jury ought to be instructed; or singling out particular features of the evidence and dwelling upon them with emphasis, and ignoring other features; thus leading the jury to attach undue importance to the facts thus singled out and dwelt upon." 1 Thompson's Com. on Neg., s. 470.

These are all the errors noticed in the brief of the plaintiff in error except the instructions upon the law relating to the right of the plaintiff in error to the use of the way, which instructions are set out in bills of exceptions 11, 12, and 18, which counsel say, "We think the court erred in giving these instructions," but further say, "We do not care to discuss the question presented by these three instructions." Which instructions are to the effect, (1) that a private right-of-way by prescription may be acquired by visible, continuous, uninterrupted use for twenty years under a *bona fide* claim of right, which must be operated or made manifest to the owner of the fee; (2) that a private right-of-way may be acquired by prescription under the law of this State; and (3) also that it is not necessary that he should have exercised the said right-of-way over the defendant's property to the exclusion of all other persons and to the exclusion of the defendant, but only necessary that he should exercise the same for twenty years consistent with the rights of the defendant over the said land and that the defendant exercised its right over the same consistent with the rights of the plaintiff thereon. These instructions were properly given. The defend-

ant assigned another error in his petition for writ of error, which, however, he does not insist upon in his brief, that the court erred in permitting plaintiff to withdraw his joinder upon the plea of the statute of limitations of one year interposed by defendant and to demurrer to the same, and in sustaining the demurrer to said plea, and striking it from the record. This is a personal action which may be brought within five years as provided in section 12, chapter 104, Code, being a matter of such nature that in case a party die it can be brought by or against his representatives. See also section 20, chapter 85, Code. The statute of limitations in one year, therefore, did not apply and the court was right in permitting the issue on such plea to be withdrawn. For the reasons herein given the judgment is reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed.*