## CHARLESTON.

### JACOBS *v.* WILLIAMS.

#### Decided April 26, 1910.

1. APPEAL AND ERROR—*Hearing of Cause—Notice.*

   A notice of intention to insist upon the hearing of a cause, at a certain term of the appellate court, at a place outside of the grand division to which the cause belongs, and to ask that it be placed in the argument list and set for hearing at said term, is sufficient.

2. SAME—*Bonds—Acknowledgment.*

   An appeal bond need not be acknowledged by the obligors.

3. EXCEPTIONS, BILL OF—*Signing in Vacation—Necesity for Record Order.*

   To enable a judge to sign and certify bills of exception in vacation, within thirty days after adjournment, it is not necessary to reserve right to do so by an order, entered of record.

4. SAME—*Time for Allowance.*

   Intervention of a special term in the thirty day period, allowed for taking bills of exception after adjournment, does not shorten said period nor deprive the court or judge of power to allow such bills. Within said period, they may be allowed either in court or in vacation.

5. ASSAULT AND BATTERY—*Admissibility of Evidence—Damages.*

   In an action for assault and battery, evidence of loss or damage from interruption to a particular vocation or calling under a

contract with a certain employer, is admissible under a general charge in the declaration, that the injuries inflicted upon the plaintiff prevented him from transacting his necessary affairs and business, in the absence of a demand for a bill of particulars, specifying the character of the vocation or employment and the nature and extent of the loss.

6.  NEW TRIAL—*Newly Discovered Evidence—Diligence.*

An applicant for a new trial, on the ground of after discovered evidence, must clearly show his lack of knowledge of such evidence before the trial and diligence to obtain such knowledge and the evidence itself. He must set forth the facts, showing his lack of such knowledge, his efforts to obtain it and what prevented him from doing so, and leave it to the court to say, from the facts stated, whether he had such knowledge or used due diligence to obtain it.

7.  SAME—*Newly Discovered Evidence—Necessity for Witness' Affidavit.*

On an application for a new trial, to admit after discovered evidence, the affidavit of the new witness, showing what he will testify to, must be produced, or a good excuse shown for its absence.

Error to Circuit Court, Raleigh County.

Action by David Jacobs against Andy Williams. A verdict for plaintiff was set aside, and a new trial granted, and plaintiff brings error.

*Reversed and Rendered.*

*R. F. Dunlap,* for plaintiff in error.

*Geo. W. Williams,* for defendant in error.

POFFENBARGER, JUDGE:

In an action of trespass for assault and battery, David Jacobs, a traveling salesman of Cincinnati, Ohio, obtained a verdict for $1,000.00, against Andy Williams, in the circuit court of Raleigh county, on the 12th day of Dec., 1906. A motion to set it aside, as being contrary to the law and the evidence, was overruled July 8, 1906, and judgment rendered. On affidavits, showing alleged newly discovered evidence, the judgment and verdict were set aside and a new trial allowed July 18, 1906, to which last order a writ of error was allowed.

Preliminarily, insufficiency of the notice to have the case heard in this Court out of its grand division, insufficiency of

the appeal bond, and lack of authority in the court to allow bills of exception in vacation, within thirty days after the expiration of the term at which the judgment was rendered, without express reservation of power to do so, and also to allow them in vacation, after the intervention of, or at, a special term, are insisted upon. The notice to have the case heard at the Wheeling term, in 1909 was given more than thirty days before the first day of that term, and it was accordingly submitted at that term. This notice was in exact conformity with the requirement of section 9 chapter 113 Code 1906. One objection to the bond is want of acknowledgment. No acknowledgment of such a bond is necessary. *Lyttle* v. *Cozad,* 21 W. Va. 183, 203. It is also said the plaintiff did not sign the bond with his own hand. If this were necessary, his signature to the bond is proven to be in his own handwriting. The statute does not expressly require the entry of an order, reserving power to allow bills of exception in vacation. It is remedial and should be liberally construed, and we perceive no ground upon which this condition or limitation can be added by the Court. As to the intervention of a special term, within the thirty days allowed, we have decided that the statutory period is not shortened by it. *Layne* v. *C. & O. Railway Co.,* 66 W. Va. 607.

As the judgment was set aside before the end of the term at which it was rendered, the court had undoubted jurisdiction and power to annul it for sufficient reasons, wherefore the sole remaining inquiry is whether it erred in doing so.

For the plaintiff in error, it is urged that the defendant in error has not brought himself within the rules, governing applications for new trials, on the ground of newly discovered evidence. On the other hand, it is contended, not only that these rules have been complied with, but also that errors, committed in the course of the trial, justify the action of the court in setting aside the verdict. If the cross-assignments of error are well founded, it is obviously unnecessary to inquire whether the matter relied upon as newly discovered evidence is insufficient in any respect. As the law of that subject is well settled, our decision would be of no value as a precedent. Nor would it be valuable as a declaration of principle in this action, since, on a new trial, the omitted evidence would be put in.

Proper bills of exception disclose the rulings, relied upon as errors, sufficient to sustain the final action of the court. · The record is therefore complete and shows the saving of exceptions. As the term had not yet ended, the court could make its ultimate conclusions conform to its opinion of the law, arising upon the facts. Hence the setting aside of the verdict was ·not erroneous merely because it was done after approval thereof and rendition of judgment thereon.

Though, in respect to loss by interruption to plaintiff's business, the declaration does not allege any particular vocation, employment or business, saying only that he was prevented by his injuries from transacting his necessary affairs and business, evidence of a special and particular employment, namely, traveling salesman for a certain firm, and interruption thereof for about two and one-half months, was admitted, causing a loss of $750.00, and, in addition thereto, subsequent loss in the same business, due to bad health and impaired earning power, resultant from the injuries inflicted. Only a part of this evidence was objected to, but it is insisted that a verdict cannot stand upon it, either wholly or partially, though admitted without objection, and some of our decisions seem to sustain this view, provided the general allegation of loss of business, aided by failure to object to the evidence or to call for specification of the particulars of loss, is not broad enough to cover this element of damages. That a verdict cannot rest on a ground of liability which could have been alleged, but was not, is asserted in *Hawker* v. *Railroad Co.,* 15 W. Va. 628, and *Snyder* v. *Wheeling Elec. Co.,* 43 W. Va. 661.

It seems equally clear that the element of damages in question here is special and should have been specially pleaded, since interruption of a particular vocation, employment or business is not the necessary result of a personal injury, and presumptively known to the defendant. A declaration, claiming damages for a wrong, must indicate the elements of the damages as well as the ground of liability. General damages, such as both naturally and necessarily flow from the wrongful act, set forth, need not be specially pleaded; but many results may naturally flow from such an act, that are not necessary sequences, and these must be specially pleaded, because presumptively the defendant is not cognizant of them. Without

an allegation thereof, the declaration gives no notice of them. *Fleming* v. *Railroad Co.,* 51 W. Va. 54; *Yeager* v. *Bluefield,* 40 W. Va. 484; *Pegram* v. *Stortz,* 31 W. Va. 220, 239.

Under the common law rules of pleading, the allegation respecting loss to business, is no doubt too general and indefinite. It fails to show what the vocation, calling or business of the plaintiff was, how long it was interrupted and the amount of loss occasioned by the interruption. These are all important elements or factors, which the defendant cannot be deemed to have known. He was entitled to notice of intention, on the part of the plaintiff, to prove them as a part of his case. Before the common law rules of pleading were amended and simplified by statutes, a special demurrer might have reached these omissions and enabled the defendant to have compelled an amendment of this portion of the declaration, or caused it to be stricken out, in the event of a refusal to amend it. But the special demurrer has been abolished by section 29, chapter 125, Code of 1906. 4 Min. Ins. Part I p. 745. This statute says the court shall not regard any defect or imperfection in the declaration or pleadings, on demurrer, except in the case of a plea in abatement, unless something has been omitted so essential to the action or defense that judgment according to law and the very right of the cause cannot be given. Section 3 of chapter 134 of the Code of 1906 further provides that no judgment shall be reversed for any defect, imperfection, or omission in the pleadings, which could not be regarded on demurrer. As there is no longer a special demurrer, and an allegation of loss, occasioned by a wrongful interruption to business, states a cause of action, it is impossible to see how the omissions above mentioned could be reached or complained of by demurrer. The case therefore seems to fall clearly within these statutory provisions. This element of damages from loss of business is lodged in the declaration. It has not been wholly omitted. If it had been, the statutory provision, last above referred to, would not aid the declaration. *Holliday* v. *Myers,* 11 W. Va. 293; *Long* v. *Campbell,* 37 W. Va. 665. Though it is in the declaration, and beyond the reach of a demurrer, it is nevertheless so general and indefinite as not to fully apprise the defendant of material facts, without notice of which he may be placed at great dis-

advantage in the trial of the case. But the law wisely assumes that the defendant has knowledge of all the particulars in many cases and does not need the aid of a specification thereof in the declaration. Accordingly, a means of obtaining the same is provided in case he does need it. Section 46 of chapter 130 of the Code of 1906 empowers the court to order a statement of the particulars of the claim or ground of defense to be filed and the defendant may always demand and obtain it in actions *ex delicto* as well as actions *ex contractu,* when it appears, from the nature of the case, to be necessary, *Transportation Co.* v. *Oil Co.,* 50 W. Va. 611, 622; *Clark* v. *Railroad Co.,* 39 W. Va. 732, 740; *Wheeling* v. *Black,* 25 W. Va. 266. If a party fail or refuse to comply with such an order, the court may exclude evidence of any matter not described in the pleadings plainly enough to give the opposite party notice of its character. This provision amply protects any person from danger of surprise, resulting from generality and indefiniteness in pleadings. No demand for such a statement was made in this action. The defendant allowed the evidence to go in without any objection. From all this it may be well assumed that, being fully advised of all the facts relied upon by the plaintiff, he waived his right to a more definite and particular statement of the facts, entering into the measure of damages. Our conclusion, therefore, is that he could not complain of the admission of the evidence of special damages, under this allegation of the declaration, on his motion to set aside the verdict, and cannot now rely upon it to sustain the action of the court below in reversing its judgment and setting aside the verdict. In other words, we think this element or ground of damages was specially plead, as the law requires, but so generally and broadly stated as to entitle the defendant to a specification of the the particulars thereof. Hence, it fully covers the evidence omitted and the omission of specification constitutes no ground for a new trial.

Instructions Nos. 1 to 5, given at the instance of the plaintiff, are complained of because they ignore the issue joined on the defendant's plea of *son assault demesne.* In this connection it is to be observed that instruction No. 5 is not open to this charge. It submits to the jury the question whether the plaintiff offered any violence to the defendant. It is very doubtful, too, whether the evidence justified any instruction on that sub-

ject. There is no evidence of any attempt, on the part of the plaintiff, to strike the defendant, nor of any necessity of self defense on the part of the latter. If all the testimony adduced by him is true, it proves no more than that there was a quarrel, during which he followed the plaintiff from his porch out into and along the street, until he (the plaintiff) raised his hands as if to strike him, whereupon the defendant kicked the plaintiff in the abdomen and thereby caused him to fall and struck him several blows. If there was any attempt on the part of the latter to strike, it was induced by the conduct of the former. According to his own testimony, he followed him and endeavored to compel him to desist from talking back in response to what had been said to him. However this may be, one of the instructions submits the question to the jury and that is sufficient.

Three of the witnesses, Owen Davis, W. R. Arms and Dr. M. F. French, whose affidavits disclosed evidence not introduced, reside in and near the town of Beckley, in which the assault was made and the trial had. Dr. French had been summoned as a witness in the case by both parties, but neither of them had called him to the witness stand, though, on one or more of the trials, he was present in court. His testimony is now desired upon the question of the extent of the plaintiff's injuries. He had waited upon and treated him immediately after they were inflicted. The excuse offered for not having called Dr. French is, that, before the trial, he did not make the statements to the defendant he is now willing to make, or did not state fully what he will now testify to, and had failed and refused to make the statement he is now willing to make. Defendant's affidavit does not show what statements Dr. French did make to him before the trial, though it expressly admits a conversation with him as to his knowledge and willingness to testify, nor does it show what questions were propounded to him, to elicit the facts he is expected to prove. It may be that Dr. French stated substantially what he will now swear to, but in somewhat different terms. The affidavit does not show any material difference between the statements made and the testimony now proposed. It wholly fails to make out a case of deception on the part of the witness. If a party, having a witness within his reach and advised of his knowledge of material facts, can be excused from introducing him, on the ground of

unfavorableness of his testimony, and then allowed to obtain a new trial by showing that his testimony will be favorable, he should be required to show that he has been misled by false statements of the witness or an absolute refusal on his part to disclose what he knows. It is certainly not enough simply to establish a variance between his statements, without setting them forth so as to enable the Court to see whether that variance is substantial or material. We are wholly unable to perceive, from anything in this affidavit, that the substance of Dr. French's proposed testimony was not fully known to the defendant before the trial. So far as we can see, it is not newly or subsequently discovered evidence at all. In view of this, inquiry as to diligence, cumulativeness and decisiveness is unnecessary.

The affidavit respecting the testimony of Davis and Arms is equally unsatisfactory and inconclusive. The men resided in the vicinity of the defendant. He does not show that he ever interviewed them or made any effort to ascertain what they would testify to, nor that he was not aware of their knowledge of the case. He only says the testimony they proposed to give was not made known to him, until after the trial, and that he used all diligence and every means within his power to procure the testimony of witnesses respecting matters material to his defense. This is a mere conclusion. The rules applicable to new trials for newly discovered evidence, require a statement of the particular efforts made to obtain the evidence, and whether due diligence was used is a question for the court; arising upon the facts. He states no effort to find out what these witnesses would have said and does not deny previous knowledge of their value to him as witnesses. On this point, his affidavit is evasive. He asks the Court to infer what it was incumbent upon him to state in plain terms. We cannot see the exercise of any diligence as to these witnesses.

After the plaintiff had partially recovered from his injuries, he started to his home in Cincinnati, Ohio, but, becoming weary or feeling bad, he stopped at Thurmond and spent a night at the Dun Glenn Hotel. The defendant proposes to prove, by one Henry Jenks, who was then a porter at said hotel, certain facts tending to show that the plaintiff's injuries were not serious. The affidavit of Jenks is not produced, but that of

Geo. W. Williams, who says he talked with Jenks and obtained this information from him, is filed. Even if the evidence were important and due diligence had been shown, it would have been necessary to file the affidavit of the witness himself as to what he would testify to, or show a good excuse for not having done so. *State* v. *Stowers*, 66 S. E. 323; *Hale* v. *Pack*, 10 W. Va. 145; *Strader* v. *Goff*, 6 W. Va. 258; *Brown* v. *Speyers*, 20 Grat. 296. No excuse whatever is offered for the absence of the affidavit of Jenks. This renders unnecessary any further inquiry in respect to this testimony.

In view of these principles and conclusions, we are of the opinion that the court committed no error in the trial of the case; but that it did err in reversing its judgment and setting aside the verdict upon the motion for a new trial for alleged newly discovered evidence.

We therefore reverse and set aside the order, entered on the 18th day of July, 1907, reinstate the verdict, found on the 12th day of December, 1906, and render a judgment thereon for the plaintiff, with interest on the amount thereof from the 12th day of December, 1906, the date of the verdict, and his costs in the court below, as well as costs and damages according to law in this Court; all of which will be certified to the circuit court of Raleigh county.

*Reversed and Remanded.*