## CHARLESTON.

### STATE v. POE.

Submitted March 14, 1911.  Decided April 25, 1911.

CRIMINAL LAW—*New Trial—Grounds—Confession of Other than Accused.*

Evidence that a person made a statement that he, and not the accused, committed the crime would not be admissible on a trial of the accused, and therefore is not ground for a new trial. (p. 262).

Error to Circuit Court, Taylor County.

Burt Poe was convicted of stabbing another, and he brings error.

*Affirmed.*

*Sommerville & Sommerville,* for plaintiff in error.

*William G. Conley,* Attorney General, and *G. W. Ford,* Prosecuting Attorney, for the State.

BRANNON, JUDGE:

Burt Poe was indicted for stabbing William A. Rogers and was convicted by a jury, and was sentenced to the penitentiary for two years.

Poe made a motion for a new trial on the ground that the verdict was contrary to the evidence; but he does not rely upon that in this Court. There is a large volume of conflicting evidence, and it is useless to say anything more as to this.

The only point relied upon here is the refusal of the court to grant a new trial on newly discovered evidence. This motion was based on two affidavits. Poe's affidavit says that he has learned from a good, reliable and creditable source that Joseph Shackelford will testify upon retrial that he was present during the difficulty between W. A. Rogers and Poe and saw Luther Rogers cut and stab W. A. Rogers. Poe does not name the good, reliable and creditable source of such information, unless it be Benjamin F. Bailey. Poe's affidavit says that he had tried to get an eye witness to the trouble and that his first information that an eye witness to the crime could be produced

was given him by Benjamin F. Bailey, his attorney. Is Bailey
the person who gave him this information? If he is not, then
the affidavit is fatally defective in not naming the person who
gave him information that Shackelford would so testify. It is
a prime necessity that the person should be named and should
have talked with the proposed witness. Is a court to turn down
a verdict upon the mere statement of a prisoner that he has re-
ceived information that a witness would say so and so? When
he does not state who so informed him? He does not state that
he ever talked with Shackelford, and he does not give the name
of the person who informed him that Shackelford would give
such evidence. Where is Shackelford? He must be in that
country, because Poe's affidavit says on another trial he can
prove certain things by Shackelford. Why is Shackelford's
affidavit not produced? Our case of *Jacobs* v. *Williams,* 67 W.
Va. 377, demands that the affidavit of the new witness showing
what he will testify must be produced, or good excuse shown for
its absence. So *State* v. *Stowers,* 66 W. Va. 198. He must pro-
duce the affidavit of the witnesses or if that be impracticable
the affidavit of some one who has conversed with them showing
what facts they would state. *Brown* v. *Spyers,* 20 Grat. 296;
*Nuckols* v. *Jones,* 8 *Id.* 267. Poe does not say he talked with
Shackelford, nor does any one else. Benjamin F. Bailey made
an affidavit stating that he was standing in front of the post
office "and a thoroughly reliable citizen, who is acquainted with
all the parties concerned in the above prosecution, approached
affiant and inquired about the status of the above case. Af-
fiant fully advised him of the exact status, and he proceeded to
advise affiant in regard to evidence that can be secured that
affiant never heard of before the trial. And affiant further
says that the substance of information given him is as follows:
That Joseph Shackelford will testify that he saw Luther Rogers
cut and stab W. A. Rogers; that affiant's informant advised
him that Ford went home with said Rogers and fully advised
him that Luther Rogers was the party who committed the
·crime—cut and stabbed him." Who is that thoroughly reliable
citizen? The affidavit does not tell us. But the law says that
Shackelford's affidavit must be produced, or the affidavit, not

merely an unsworn statement, of somebody who talked with him stating that Shackelford would give such evidence. If Bailey is the one who gave Poe information Bailey's affidavit is in itself insufficient, and neither he nor Bailey tells us who it was that talked with Shackelford. Under these and many other authorities these affidavits are wholly inadequate to overturn the verdict. It is an established rule to grant new trials very rarely on after discovered evidence, and never but under very special circumstances.

Another ground is presented to us for a new trial. On the hearing of the motion Mary A. Rogers, mother of Luther Rogers, gave oral evidence that her son Luther confessed to her that he cut W. A. Rogers and that Poe did not do so. That is mere hearsay. Is the confession of an outside party that he committed a murder charged to another admissible? Surely not. Can such a hearsay statement acquit a prisoner on trial? We find it stated in 6 Ency. of Evidence, 752, that, "Neither the extrajudicial admissions or confessions of third persons, though made as dying declarations, nor their acts and conduct in the nature of admission, are admissible to show that they and not the defendant are guilty of the homicide charged." Many cases from other states are there cited and support the text. We find in the case of *Greenfield* v. *People*, 85 N. Y. 75, 39 Am. Rep. 636, that a letter written by another to a third person containing admissions that the writer committed the murder is incompetent evidence for the prisoner, and so of like conversation overheard between other persons. The supreme court of Georgia in a note found in said American Report ridiculed such propositions. Luther Rogers was present when his mother gave this testimony on the motion for a new trial and said nothing. He did not corroborate his mother. He was not called to state that he could or would give such evidence. He did not so state under oath or even make an unsworn statement that he could or would give such evidence. The cutting was at a gathering at a school house on the occasion of a Christmas tree, and numerous persons present, yet none of the many witnesses hint that Luther Rogers did the act. Luther Rogers was arrested and on legal examination on

the charge was discharged. Can it be expected that he would on a retrial give evidence to send himself to the penitentiary? He could not be forced to do· so. That confession would not be evidence, and we have no assurance that he would give evidence to send himself to the penitentiary. Shall we set aside a verdict on such a ground? This application for a new trial does not bear the hue of candor and sincerity but seems to rest on fabrication. It does not appeal to a court of justice. Solemn verdicts in criminal cases cannot be overturned thus. For a court to do this would seem to be a travesty on criminal justice. Luther Rogers is a mere boy. His mother's evidence bears on its face plain evidence of her zeal for Poe, and is suspicious on its face. Wonderful that a mother would make such a statement. Her evidence shows her to be ignorant and uncultivated.

Judgment affirmed.                                *Affirmed.*