# CHARLESTON.

### IVA EDWARDS v. W. B. KEIFER.

### Submitted January 16, 1923.   Decided January 23, 1923.

1. NEW TRIAL—*Movement for New Trial on After Discovered Evidence Must Show Lack of Knowledge Before Trial and Diligence to Obtain Evidence.*

    A litigant moving for new trial, on the ground of after discovered evidence, must clearly show by facts stated, his lack of knowledge of such evidence before trial, and diligence to obtain such knowledge and the evidence itself.

2. SAME—*New Trial for After-Discovered Evidence Not Awarded Where Merely Cumulative.*

    A new trial should not be awarded where the after discovered evidence is merely cumulative.

    (McGINNIS, JUDGE, absent).

Error to Circuit Court, Wetzel County.

Suit by Iva Edwards against W. B. Keifer. From an order sustaining a motion for new trial, plaintiff brings error.

*Reversed, and judgment for plaintiff.*

*Larrick & Lemon,* for plaintiff in error.

*Edwin O. Keifer,* for defendant in error.

LITZ, JUDGE:

The plaintiff complains of the action of the lower court in

setting aside a verdict in her favor for $3076.66, and award-
ing the defendant a new trial in an action brought by the
plaintiff against the defendant by way of notice for judgment
by motion.

The plaintiff, in her notice, accompanied by affidavit, served
upon the defendant January 16th, 1922, sets up as the basis
of her suit two notes payable to her, purporting to be signed
by the defendant, as maker, one dated December 24th, 1920,
for $800.00, payable six months after date; another for
$3000.00 dated September 19th, 1921, payable one day
after date.

After suit and before the trial on March 2d, 1922, the de-
fendant paid the $800.00 note and filed his counter affidavit
denying his signature to the $3000.00 note, a plea of *non est
factum* and the general issue.

Upon the return of the jury's verdict March 2d, 1922, in
favor of the plaintiff, the defendant moved to set it aside on
the ground that the same was contrary to the law and the
evidence, and for other reasons to be assigned. April 15th,
1922, the defendant having assigned, among additional
grounds, that of newly discovered evidence, and filed in sup-
port thereof the affidavits of himself and three others, the
court set aside the verdict and awarded defendant a new
trial.

The plaintiff testified upon the trial that the note in ques-
tion had been given her by the defendant in his office in the
town of Paden City, Wetzel County, West Virginia, between
the hours of one o'clock and two o'clock p. m., September
19th, 1921, as evidence of three thousand dollars she at the
time delivered to him as a loan. The defendant in his evi-
dence denied that he had executed or given the note to the
plaintiff; and further denied getting the money or that the
plaintiff was in his office on that day. He also introduced
the testimony of an expert, and several non-experts, on hand-
writing, tending to show that his signature to the note was not
genuine.

As the verdict was reached upon a substantial conflict of
evidence, without apparent error in any ruling by the trial
court, it should have stood unless a proper showing for new

trial on the ground of newly discovered evidence has been made.

The affidavits of D. W. Watkins, C. C. McClung and Jess McCaskey, relied upon for the alleged after-discovered evidence, are to the effect that these affiants happened to be sitting around in view of defendant's office from about one p. m. to two-thirty p. m. of September 19th, 1921; that they saw plaintiff, within this interim, a few feet from the defendant's office, but did not see her enter.

In addition to other requirements, the applicant for new trial on the ground of after discovered evidence, must clearly show from facts set forth,—not from mere conclusions stated, —that he has used reasonable diligence to obtain such evidence before trial, and that the same is not merely cumulative. The rule as to the requisite measure of diligence on the part of the applicant is stated in the case of *Jacob* v. *Williams,* 67 W. Va. 384, as follows: "An applicant for a new trial, on the ground of after-discovered evidence, must clearly show his lack of knowledge of such evidence before the trial and diligence to obtain such knowledge and the evidence itself. He must set forth the facts showing his lack of such knowledge, his efforts to obtain it, and what prevented him from doing so, and leave it to the court to say from the facts stated whether he had such knowledge or used due diligence to obtain it." As to the showing of diligence in that case it is said, "The affidavit respecting the testimony of Davis and Arms is equally unsatisfactory and inconclusive. The men resided in the vicinity of defendant. He does not show that he ever interviewed them or made any effort to ascertain what they would testify to, nor that he was not aware of their knowledge of the case. He only says the testimony they propose to give was not made known to him until after the trial, and that he used all diligence and every means within his power to procure the testimony of witnesses in respect to matters material to his defense. This is a mere conclusion."

The defendant, in his affidavit in this connection merely states that he did not know, and that it was impossible for him to know, the facts set forth in the affidavits of Watkins, McClung and McCaskey until after the trial, and that he used

due diligence and the means he had in his power to ascertain all the evidence he could bearing on his case before the trial, —without saying what he did. The rules applicable to new trial for newly discovered evidence require a statement of the particular efforts made to obtain the evidence, and whether due diligence was used is a question for the court arising from the facts.

The affidavits of defendant and Watkins both state that Watkins went to the office of defendant in Paden City about one o'clock p. m. for the purpose of going with defendant, in defendant's automobile, to Watkins' farm for some cabbage that Watkins had sold defendant; and at that time defendant told Watkins he would not be able to go until after two o'clock, whereupon Watkins stated that he would "hang around" until that time, and that Watkins was on hand, "hanging around", ready to go, from one o'clock p. m., until they finally left about two-forty p. m. These facts were known to defendant at the time he was served with a written notice of suit on the 16th day of January, 1922, informing him that judgment would be asked against him on a note for three thousand dollars executed by him on the 19th day of September, 1921. If he did not know of this note prior to that time, as he claims in his testimony, he had from then until the 2d day of March, 1922, the time of trial, a period of forty-five days, to consult Watkins, who could have given him the additional information contained in the affidavits of McCaskey and McClung. But supposing he did not know when, where and under what circumstances the plaintiff would claim the note in question had been signed and executed by him? He was certainly put on notice when plaintiff gave her evidence in court on the trial of the case. He could then easily have secured the testimony of Watkins, who was conducting a restaurant in Paden City, and McCaskey, shipping clerk and foreman of the packing room of Paden City Glass Manufacturing Company, in that town, which was only five miles from, and connected by street car with, the place of trial.

We must conclude from the showing made on the affidavits filed by the defendant that there was no diligence whatever

on his part before the trial to obtain the alleged new evidence. He did not have to discover the evidence of the witness Watkins, for, as appears from the affidavit of defendant and that of Watkins, he knew this as far back as the 19th day of September, 1921; and the mere discussion of the matter with Watkins would have necessarily brought to light the facts claimed to be within the knowledge of McCaskey and McClung.

A defendant is bound to look forward to, and provide for, such issues of fact as will probably arise in the course of the trial, and he cannot obtain a new trial on the ground of his failure to provide by means within his reach and well known to him for a contingency which he reasonably might have anticipated. *Butts* v. *Butts,* 81 W. Va. 56; *State* v. *Stowers,* 66 W. Va. 198.

But the new evidence is only corroborative of the testimony of the defendant on the trial that plaintiff was not in his office on September 19th, 1921; and is therefore merely cumulative.

In the Butts case, *supra,* involving similar facts in this connection the court says: "The testimony of these witnesses, if admitted, would merely add to that of Miss Kirkendall, the bookkeeper. She says the affiants were at the office on certain days. They would say the same thing. That makes their evidence cumulative. This alone bars it. There are four requisites: discovery after the trial; inability to discover it before by the exercise of reasonable diligence; materiality; and non-cumulativeness. All must be present. Lack of any is fatal."

Tested by this rule, it would seem that the only requisite clearly present in this alleged new evidence is that of materiality,—for it is not even "new evidence," at least in so far as what the affiant Watkins says.

For the foregoing reasons the judgment will be reversed, the verdict of the jury reinstated, and judgment entered thereon for the plaintiff.

*Reversed, and judgment for plaintiff.*