G. C. Drake v. Clay Hardware & Supply Company

(No. 6787)

Submitted January 27, 1931. Decided February 3, 1931

*J. W. Maxwell, W. E. R. Byrne,* and *Eakle & Eakle,* for plaintiff in error.

*Sam Lopinsky* and *D. L. Salisbury,* for defendant in error.

Hatcher, Judge:

This is an action to recover damages for an injury suffered by plaintiff in 1929, while employed by the defendant as a truckdriver. The jury returned a verdict in his favor of $4,000.00 which was sustained by the lower court.

A tire rim on defendant's truck was cracked. Plaintiff testified that H. O. Crookshanks, the general manager of defendant, told him that the cracks did not "hurt" the rim, to put the casing on the rim, and to pump up the inner tube to 85 or 90 pounds air pressure. Both the casing and the inner tube were new. The plaintiff followed these instructions (pumping the tire to 85 pounds air pressure), and while he was bolting the rim on the truckwheel, the rim gave way and the inner tube burst, injuring the fingers of his right hand, to the extent that one finger was later amputated and the others became stiff.

The defendant's brief complains of certain evidence admitted and of other evidence refused at the trial. The rulings of the court in regard thereto were not made subjects of a special bill of exceptions or special points of error on motion to set aside the verdict. Under repeated decisions we must treat such alleged errors as waived. *Gregory's Admr.* v. *Ry. Co.,* 37 W. Va. 606; *State* v. *John,* 103 W. Va. 148, 154-5; *Bank* v. *Young,* 106 W. Va. 134.

The defendant was not a subscriber to the Workmen's Compensation Fund. For this reason the jury was instructed, by plaintiff's instruction No. 1 that the defendant was deprived of the defense of contributory negligence. The defendant contends that the instruction was erroneous because (1) the plaintiff was its only employee, and (2) section 18 of chapter 15-P, Code 1923 (the Workmen's Compensation Act), does not specifically classify as within the act the operation of a general retail hardware store which is the business of defendant.

(1). The employers defined to be within the act are as follows: "All persons, firms, associations and corporations, regularly employing other persons for the purpose of carrying on any form of industry or business in this state * * * are employers within the meaning of this act and subject to its provisions." Code 1923, chapter 15-P,, section 9. (There are certain exceptions enumerated which do not include the business of defendant.) The defendant contends that the phrase "employing other persons" implies a plurality of employees by the individual employer. We observe no significance in

the pluralization of the word "persons" except that of correct grammatical construction; and are of opinion that the word as used may be applied to the sole employee of an employer within the act. See generally paragraph 1, section 17, chapter 13, Code 1923.

(2). The fact that the retail hardware business was not originally classified in section 18 of the act is of no consequence now. That section was amended and re-enacted by the legislature in 1923, and the classifications theretofore made were omitted. The State Compensation Commissioner was given full authority to classify the industries subject to the act. See Acts 1923, chapter 58. He has done so and specifically designated the business of defendant in *classification K.4.*

The defendant says the instruction is also bad because it gave the jury "no directions as to the measure of plaintiff's damages." The law affords no measure for human suffering and digital loss and injury. Such questions are ordinarily left entirely to the jury. See *Landau* v. *Farr*, 104 W. Va. 445, 447-8, and cases there cited. The same cases answer also the contention that the verdict is excessive.

Plaintiff's instruction No. 2 informed the jury that it could take into consideration the probability of life expectancy with reference to a standard mortality table. An insurance agent who had examined the American Experience Table of Mortality was permitted to testify over defendant's objection as to what that table showed the life expectancy of a man of plaintiff's age to be. Defendant contend that the table itself would have been the best evidence, and that there is no proper evidence in the case upon which to base this instruction. It would have been better practice for the table to have been introduced. But this is a matter of which the courts may take judicial cognizance. *Abell* v. *Ins. Co.*, 18 W. Va. 400, (syl. pt. 18); 23 C. J., p. 163, sec. 1989; 15 R. C. L., p. 1129,, sec. 56. We have examined the table and find that the witness gave the correct answer. So how is defendant in any way prejudiced?

The defendant complains because its instructions Nos. 4 and 5 were not given. The gravamen of No. 4—the burden

on plaintiff to preponderate—is set forth in plaintiff's instruction No. 1. No. 5 contains nothing not included in defendant's instructions Nos. 1, 2 and 3, which were given, except a definition, etc., of the proximate cause. As this definition really threw no light on the situation, and the defendant's case was fully presented in its instruction No. 1, we see no prejudice to it by the rejection of instruction No. 5. Duplication of instructions is not desirable. *State* v. *Peoples,* 106 W. Va. 262-5; *Wallace* v. *Prichard,* 92 W. Va. 352.

It is also contended that the verdict is contrary to the evidence. Several witnesses did testify that plaintiff said the accident was due to his own fault. Even so his contributory negligence furnishes no defense (under the Workmen's Compensation Act) against the negligence of defendant. It is also true that Mr. Crookshanks denied knowledge that the rim was cracked, as well as direction to plaintiff to use it. But this and all other evidential controversies were resolved in favor of plaintiff by the jury. His evidence justifies the verdict. See *Ercole* v. *Daniel,* 105 W. Va. 118, 123-4.

In support of the motion to set aside the verdict, Mr. Crookshanks filed his affidavit accompanied by the affidavits of five others. The Crookshanks affidavit stated: " * * * that affiant did not know, at the time of said trial, of the facts contained in said affidavits, and for that reason he was unable to produce said witnesses at said trial, but that if a new trial of said action is granted his said Company, he, affiant, believes that he will be able to produce, at such trial, the several witnesses along the same line and to the effect that the said G. C. Drake actually operated automobiles himself, shifting the gear thereof himself, since the injury complained of in said action, of all of which affiant knew nothing at the time of said trial." The declaration charged that plaintiff had "permanently lost complete use of his right arm and hand" and that he "is permanently disabled so that he cannot perform his work of servant as he had done prior thereto." The defendant was thereby fully apprised of the importance of the very evidence referred to in the affidavit. Yet, Mr. Crookshanks does not show what diligence was exercised by defendant to obtain this evidence, nor state any facts explaining why

he was ignorant thereof at the trial. This showing was incumbent on the defendant. *Jacobs* v. *Williams,* 67 W. Va. 377; *State* v. *Huffman,* 69 W. Va. 770, 777-8; *Edwards* v. *Keifer,* 92 W. Va. 650.

Perceiving no error prejudicial to defendant, the judgment is affirmed.

*Affirmed.*