294 S.E.2d 159

**STATE of West Virginia**

v.

**Jerold Henry HOLDREN.**

**No. 15397.**

Supreme Court of Appeals of West Virginia.

July 7, 1982.

Brown H. Payne, Beckley, for appellant.

Chauncey H. Browning, Jr., Atty. Gen., and Jerry Dove, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

A jury found the appellant guilty of obstructing an officer and he was sentenced to a term of ninety days (to be served on week-ends) in the county jail and required to pay a fine of $100.00 and court costs of $191.00. He appeals on the ground that his proffered instruction number ten concerning a police officer's duty to inform the accused of the charge and the accused's right to resist arrest was improperly refused by the court. We hold that it was not error for the trial judge to refuse to give the appellant's instruction because that instruction was repetitive of other instructions that were given. We affirm.

On the evening of 1 November 1979 three deputies from the Raleigh County Sheriff's Department responded to a complaint concerning the destruction of private property reported from the Ponderosa Steak House on Valley Drive in Beckley, West Virginia. While the officers were inside the restaurant taking statements from witnesses, they were approached by the appellant who complained that an unnamed individual had threatened him with a gun. The appellant demanded that the deputies investigate immediately.

The facts surrounding the events that then transpired were hotly disputed. The deputies testified that it was explained to the appellant that they were already involved in an investigation and that momentarily they would investigate the incident in which he was involved but that they were not immediately at liberty to investigate the appellant's problem. The deputies further testified that the appellant became abusive and belligerent, and used profane language. The appellant, on the other hand, admitted that he was angry but denied that his conduct rose to the level of belligerency stated by the deputies. Two of the deputies testified that the appellant was intoxicated (the third said that he was unsure of the appellant's intoxication); the appellant testified to the contrary. Deputy Stover testified that there was the danger of a fight if the appellant remained among the crowd and that he was asked to leave but refused to do so. The appellant denied that he refused to leave. Deputy Stover testified that the appellant then spit on the patrol car and at that point they decided to arrest him for public intoxication.

Deputy Stover and two Beckley police officers testified that the appellant's resistance to arrest was so forceful that it re-

quired the assistance of the two policemen to handcuff him and place him inside the patrol car. Deputy Stover also testified that the appellant hit and kicked the patrol car seats and windows almost the entire time he was in the car. The appellant denied this. Deputy Stover, the elevator operator at the jail, and the surveillance camera operator/jailer testified that upon arrival at the Raleigh County Jail the appellant struck Deputy Stover and continued violent resistance. Deputy Stover admitted that he struck a counter blow in order to subdue the appellant and place him in a cell. The appellant contended that he was arbitrarily beaten. There was also a dispute about whether the appellant was, in fact, injured to any extent as a result of the confrontations.

 In any event, the appellant was found guilty of obstructing an officer and appeals that conviction, alleging that his instruction number ten was improperly refused. That instruction read:

> The Court instructs the jury that it is the legal duty of an officer in making an arrest of an alleged offender, after he peaceably submits, to acquaint the party he proposes to arrest with the nature and character of the accusation of the alleged crime for which he is going to arrest him, unless the offense he committed in the presence of the officer, and, unless the jury shall believe from the evidence that such crime was committed in the presence of the officer when he attempted to make the arrest, or that said officer apprised the defendant of a felony charge against him, then in such circumstances,

the said defendant had the right to use such reasonable force as was necessary to prevent the arrest.

We find that this instruction was repetitive of other instructions that were given, in particular, the appellant's instructions numbers eleven and thirteen.* As this Court has stated: "Duplication of instructions is unnecessary and undesirable." Syllabus point 7, *State v. Blankenship*, 137 W.Va. 1, 69 S.E.2d 398 (1952); Syllabus point 4, *Robertson v. Hobson*, 114 W.Va. 236, 171 S.E. 745 (1933); Syllabus point 2, *Drake v. Clay Hardware and Supply Company*, 110 W.Va. 63, 157 S.E. 35 (1931). Moreover, "[w]here instructions given clearly and fairly lay down the law of the case, it is not error to refuse other instructions on the same subject. The court need not repeat instructions already substantially given." Syllabus point 4, *State v. Johnson*, 157 W.Va. 341, 201 S.E.2d 309 (1973); Syllabus point 4, *State v. Bingham*, 42 W.Va. 234, 24 S.E. 883 (1896).

We have carefully considered the appellant's assignment of error concerning the court's additional instruction of intoxication which was read to the jury independent of the other instructions and find the error harmless. We also find that appellant was not entitled to a mistrial. Accordingly, for the reasons set forth above, the judgment of the Circuit Court of Raleigh County is affirmed.

Affirmed.

---

\* His instruction number eleven read:
> The Court instructs the jury that an officer has no right to arrest anyone without a warrant, unless they are committing some offense in his presence, violating either a State or city law; or, unless the officer in good faith believes the party has committed a felony, and is arresting him for the commission of the felony; and if the jury believes that the defendant, Jerold Holdren, at the time he was attempted to be arrested was committing no offense in the presence of the officer, and if the jury believes that at the time H. E. Stover attempted to arrest the said Jerold Holdren, that he, the said H. E. Stover, was not arresting him for any felony charge or some other

> offense committed in his presence and did not have such a charge in mind, then the Court instructs the jury that the said H. E. Stover had no right to arrest the said Holdren, and he the said Holdren had the right to resist the arrest or flee to prevent the same.

His instruction number thirteen read:
> The Court further instructs the jury that an officer in making an arrest has no right under the laws of this state to arrest, or to attempt to arrest any person without a warrant, unless said person has committed or is in the act of committing a felony, or has committed some offense less than a felony in the presence or view of such officer.