# WHEELING

## STATE v. TYGARTS VALLEY BREWING Co.

Submitted March 5, 1912.   Decided June 10, 1912.

1. INTOXICATING LIQUOR—*Illegal Sale—Burden of Proof.*
   On an indictment for unlawfully selling spirituous liquors without a state license therefor, it is not incumbent on the state to prove that defendant had no license to sell. If a sale be proven. it is presumed to have been made without license, and, to justify it, defendant must produce his license.   (p. 39).

2. SAME—*Licenses—Sales at Brewery.*
   License to carry on a brewery in a place where no license to sell intoxicating liquors can be lawfully granted, does not authorize a sale of beer at wholesale at the brewery.   (p. 39).

   (BRANNON, PRESIDENT, dissents.)

Error to Circuit Court, Taylor County.

The Tygarts Valley Brewing Company was convicted of an illegal sale of beer without a license, and brings error.

*Affirmed.*

*F. T. Martin,* for plaintiff in error.

*William G. Conley,* Attorney General, and *J. O. Henson,* Assistant Attorney General, for the State.

WILLIAMS, JUDGE:

The Tygarts Valley Brewing Company was convicted of making an unlawful sale of beer, in wholesale quantity, without a state license therefor, in September, 1909, in the city of Grafton, Taylor county, and brings error.

The state established a *prima facie* case by proving that defendant made a sale of eight gallons of beer, at its brewery, in the city of Grafton. It was then incumbent upon defendant to prove that the sale was lawful by proving that it had a license which authorized the sale. This is an exception to the general rule of evidence which requires the state to prove every material allegation of the indictment, and is founded on the inconvenience of proving a negative. If defendant wishes to justify the sale, it is easy for him to produce his license, if he has it; it is a matter peculiarly within his own knowledge. The exception to the rule rests on the convenience with which defendant can produce his evidence, and the inconvenience of requiring the state to prove that defendant did not have a license. 1 Greenl. Ev. (16th ed.), sec. 29; 4 Wigmore Ev., sec. 2512, and note 4; 2 Woolen & Thornton on Intoxicating Liquors, sec. 947.

The charter of the city of Grafton confers upon its council the power to grant or refuse license to sell intoxicating liquors in the city; and, if it grants a city license to sell intoxicating liquors, the county court is also obliged, by the statute, to grant a state license for the sale thereof within the city. But the authority of the city council to grant the license is subject to the following qualification: The sense of the voters must be taken at every alternate city election respecting the granting of license; and, unless a majority of the votes for and against the same be cast in favor of license, the council shall not grant

license.   Sec. 28, ch. 44, Acts 1899.   At the city election next preceding the indictment a majority of the votes were cast against license.   Hence the city council had no power to grant license to sell intoxicating liquor within the license year beginning July 1, 1909, the year in which the sale in this case was made.

The council not having granted license to sell intoxicating liquors, and, in fact, having no power to do so if it had so desired, the county court could not grant a state license to sell within the city. Sec. 10, ch. 82, Acts 1907, amending and reenacting sec. 10, ch. 32, Code 1906.

But defendant had a license from both the city council and the county court of Taylor county, to carry on the business of a brewer in the city of Grafton, and the case presents this question: Did such brewer's license confer upon defendant the right to sell beer, in wholesale quantities, at its brewery? The answer to the question depends upon the construction of sec. 74, ch. 32, Code 1906, as modified by ch. 82, Acts 1907. As so modified, that section reads as follows, viz:

"The license for carrying on a distillery shall authorize the holder thereof to sell the product of such distillery at wholesale at the distillery, but shall not authorize any such holder to sell such product at retail at any place; and the shipment or delivery of any such product from any place of storage other than the distillery shall be deemed a sale without license at the place of such shipment, or delivery, unless a license to sell at wholesale at that place has been obtained under this chapter and shall be in force; but a license to carry on a brewery shall authorize the holder thereof to solicit and receive orders for, sell, offer and expose for sale the product of such brewery at wholesale only, in any and all of the counties and cities, towns and villages of this state *without additional tax; provided, the county court first authorize such a sale by a certificate duly entered of record which shall designate the places of said sales;* except in those counties where the county court or other license tribunal does not grant license to sell intoxicating liquors, and except also in cities, towns and villages where the council or other license tribunal' does not grant license to sell intoxicating liquors; no city, town or village shall impose on the holder of a state license

to carry on a brewery any municipal license tax, unless, he maintains a store house or place of business therein, and such municipal license tax shall not exceed two and one-half cents per barrel on the sales made at such store house or place of business; this, notwithstanding the provisions of chapter forty-seven of the code or of the charter of any city, town or village." The change made in the law by the act passed in 1907, is indicated by the words in italics. These words were first inserted in the act of 1907.

Prior to the passage of ch. 36, Acts of 1905, amending and re-enacting the whole chapter 32, on the subject of licenses, a license to carry on a brewery did not confer the right to sell the product, even at the brewery, without an additional license therefor. *State* v. *Schmulbach Brewing Co.*, 56 W. Va. 333. And section 74 of that act amended the law, as it had been interpreted by that decision, so as to confer the right to sell at wholesale, at the brewery, by virtue of the license to brew. The modification of the law was evidently intended to relieve a brewer from the necessity of obtaining two licenses, one to manufacture and another to sell his product at wholesale at the place of manufacture, and to confer the right to sell not only at the place of manufacture but also in all the wet counties and towns of the state, without an additional license therefor. But this act was construed in *City of Charleston* v. *Brewing Co.*, 61 W. Va. 34, not to relieve the brewer from the payment of a city license tax, notwithstanding it maintained in the city no other wholesale business place than its brewery; and the legislature shortly thereafter again amended the statute to read as above quoted.

Section 74, ch. 32, Code 1906, as modified by ch. 82, Acts 1907, gives a licensed brewer the right to sell at wholesale, not only at the brewery, but in all other counties, without additional license, or license tax, except in counties and cities where licenses to sell are not expressly granted. The exception defeats defendant's right to sell at the brewery in this particular case, for the reason that neither the county court of Taylor county nor the city council of Grafton had the power to grant license to sell intoxicating liquors in the city within the license year beginning July 1, 1909. The last amendment of section 74 was

clearly intended to relieve a brewer from the payment of more than one license tax, that of a brewer, unless he maintains a store house in a city. It also continued the right, previously given by the act of 1905, to sell in all the wet counties and towns of the state. But the right to sell in counties, other than the one in which the brewery is located, is so qualified by the Act of 1907 that he must first obtain permission of the county court, by certificate entered of record, designating the place of sale.

The statute does not expressly authorize a brewer to sell at his brewery; but it does so by necessary implication, subject to the restriction presently to be pointed out. It first expressly authorizes a licensed distiller to sell his product at wholesale at the distillery, without regard to whether it is located in wet or dry territory, and then proceeds as follows: "But a license to carry on a brewery shall authorize the holder thereof to solicit and receive orders for, sell, offer and expose for sale the products of such brewery at wholesale only, in any and all of the counties and cities, towns and villages of this state without additional tax." Clearly, the legislative purpose was, not to give a brewer an equal right with the distiller in respect to selling his product at the place of manufacture, because the right of the latter seems not to be restricted, but to make his license to embrace a wider range of territory. A brewer's license authorizes him, without additional license or license tax, to sell at wholesale in all the wet counties, wherein the county courts give him permission and designate the places of sale; provided that, if a store house for selling the product is maintained in a city, town or village, he may be required to pay a municipal license tax,

But it was not intended that a brewer's license should confer the right to sell at the brewery, if it happened to be located in a place where no license to sell could be lawfully granted. Neither the county court of Taylor county, nor the city council had the power to grant license to sell intoxicating liquors in Grafton where defendant's brewery was located, at the time when the sale in question was made. The city had been made dry territory by a vote of the citizens at the last preceding city election. If a license to sell could not be granted, it necessarily follows that a brewer's license could not confer the right to

sell; that would be to accomplish by indirection what could not be done directly. Counties, cities, towns and villages, wherein the county courts and municipal authorities do not grant license to sell, are expressly excepted from the territory in which a brewer is given a right to sell by virtue of his brewer's license. The excepted territory necessarily includes the place of the brewery, if it happens to be in a dry county or municipality. To construe the statute otherwise would, in this case, defeat the expressed will of the voters of the city of Grafton, the amended charter of which makes it optional with them, whether liquor shall be sold in the city or not; and when they have declared that it shall not be sold in the city, their will on the subject is the law for the time being. Hence, defendant's license to carry on the business of a brewer in Grafton did not authorize it to sell beer at its brewery.

Defendant's instruction No. 1, was properly refused. While it may be true, generally, that a brewer's license authorizes him to sell his product at the brewery, at wholesale, it is not so in this case for the reasons above stated. The judgment will be affirmed.

*Affirmed.*