# CHARLESTON.

## STATE v. MERICO.

Submitted November 23, 1915.   Decided December 7, 1915.

1. INDICTMENT AND INFORMATION—*Carrying Weapons Without License —Duplicity.*

   An indictment for unlawfully carrying a pistol without a state license is good notwithstanding it charges in a single count that, at the same time, defendant carried all the other weapons forbidden by the statute to be carried.   (p. 315).

2. WEAPONS—*Carrying Without License—Burden of Proof.*

   Although it is necessary, in such case, for the indictment to aver the want of a state license, the burden is on defendant to prove he had a license.   (p. 315).

3. SAME—*Right to Carry—Change of Domicile.*

   A person, to whom a pistol is given at his home, has no right, after changing his domicile, to carry it about his person from the place of gift to another domicile.   (p. 316).

   (LYNCH, JUDGE, absent.)

Error to Circuit Court, Tucker County.

Domineck Merico was convicted of unlawfully carrying a pistol, and brings error.

*Affirmed.*

*Chas. D. Smith,* for plaintiff in error.

*A. A. Lilly,* Attorney General and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

Defendant was convicted of carrying a pistol in violation of Sec. 7, Ch. 148, Code 1913, and sentenced to confinement in the county jail for six months and adjudged to pay a fine of fifty dollars; and he brings error.

His first assignment is that the court erred in not quashing the indictment.   He claims it charged him with more than one offense in a single count.   Following the language of the statute defining the offense, the indictment charges that he "did unlawfully carry about his person a revolver and other pistol, a dirk, bowie knife, a razor, a slug shot, a billy, a

metallic and other false knuckles, without a state license therefor, against the peace and dignity of the state.'' It is unnecessary to determine whether it charges more than one offense or not, because we have recently held in *State* v. *Jarrell,* 76 W. Va. 263, 85 S. E. 525, that an indictment in that form is good.

He next insists that his motion to exclude the state's evidence should have been sustained on the ground that the state omitted to prove he did not have a state license to carry a pistol. While it is necessary for the indictment to allege the want of license, such being an element of the crime, *State* v. *Welch,* 69 W. Va. 547, still the state is not required to prove it. This is an exception to the general rule requiring the state to prove every material allegation of an indictment, and rests on a presumption that the averment is true, unless proven by defendant to be untrue. If defendant had a license he knew it, and it was easy for him to prove it; whereas, if the rule in such case were otherwise, the state would be required to prove a negative, which is unusual. The same rule of evidence applies in this case as in an indictment for an unlawful sale of intoxicating liquor without a state license therefor. *State* v. *Tygarts Valley Brewing Co.,* 71 W. Va. 38; *State* v. *Foster,* 23 N. H. 348, 55 Am. Dec. 191; and Woolen & Thornton on Intoxicating Liquors, Sec. 947. There is no ground for distinguishing the two classes of cases.

Defendant does not deny carrying the pistol, but claims he is within the exception of the statute, allowing a person to carry an unloaded pistol from the place of purchase to his home or place of residence. At the time he carried the pistol defendant owned a house which was then occupied by two of his brothers, while he himself roomed and boarded at another place. Two or three years before, he lived in his own house; and he testified that, at that time, a fellow countryman, who had returned to Italy, gave him the pistol, and, on the occasion in question, he was simply carrying it from his own house, where it had been given to him, to the place where he then boarded, and that it was not loaded. There is no proof that it was loaded. It is proven that the prosecuting witness, Henry Fox, followed him some distance and threatened to beat him, and was so persistent in trying to execute his threats

that defendant drew the pistol on him and told him to stop. He also testified that, a week or two before, Fox tried to pull him out of a house to beat him. These facts, however, did not justify defendant in carrying the pistol. He had no right to carry it because he feared Fox would attack him and do him great bodily injury. The present statute makes no such exception. If he thought he was in danger from Fox, on account of the threats he had made, which are proven to have been communicated to him, he could have applied to the court and obtained a license in the manner provided by law.

Assuming that the word "purchase" is used in its technical sense and includes a gift, and that the statute authorizes a person to carry an unloaded pistol from the place of gift to his home or boarding place, still the facts do not show defendant to be within the exception. According to his own testimony, the pistol was given to him at his home, two or three years before. He could not thereafter, by changing his domicile, claim the right to carry the pistol about his person from one place to the other. Such carrying would be within neither the letter nor the spirit of the exception.

The judgment will be affirmed.

*Affirmed.*