# CHARLESTON.

## STATE *v.* JOHN BARKOSKI.

Submitted April 1, 1924.　　Decided April 15, 1924.

1. INTOXICATING LIQUORS—*Verdict for Accused not Directed, When There is Evidence Warranting Jury in Finding Defendant Guilty.*

    On the trial of a criminal case, where there is evidence from which the jury would be warranted in finding beyond a reasonable doubt that the accused is guilty of the offense charged, it is not error to overrule a motion to exclude the evidence and direct a verdict for the defendant. (p. 266).

2. SAME—*Accused May be Found Guilty of Unlawful Possession, Whether Mash for Distillation or Fermentation.*

    One charged with having in his possession "mash" in violation of section 37 of chapter 115, Acts 1921, for the purpose of making intoxicating liquors, may be found guilty of the offense created by said statute, whether the mixture or "mash" described therein was for the purpose of distillation or fermentation. (p. 267).

Error to Circuit Court, Tucker County.

John Barkoski was convicted in a court of the justice of the peace of the possession of mash for the purpose of making intoxicating liquors, and he brings error.

*Affirmed.*

*Charles D. Smith,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Upon appeal from a judgment of a justice of the peace, defendant was convicted in the circuit court of unlawfully having in his possession a certain quantity of "mash".

The evidence of the officers, two members of the state department of public safety, who searched defendant's residence, was that they found, behind the kitchen stove, a

keg and a jar containing about ten or fifteen gallons of mash, composed of hominy or cracked corn, pieces of orange, a lemon, and a few dried peaches; and that the mixture was fermenting when they found it. One of the officers says that he tasted of the mixture, and that it contained yeast. They did not find evidence of a still or other apparatus which might be used for the purpose of manufacturing distilled liquors.

Defendant testified that the mixture was to be used as chicken feed; that he had no other chicken feed that evening, and put twenty-five pounds of "hominy corn" in water for that purpose; and that the other ingredients were from the supper table. He said it was nothing but slop.

After the State had introduced its evidence and rested, the defendant moved the court to strike out the evidence and direct a verdict for him, on the ground that there was no evidence tending to show that the mash was for the purpose of making intoxicating liquors. The trial court ruled that it was for the jury to determine, from all the evidence introduced, whether or not the mash was for the purpose of manufacturing intoxicating liquors, since the testimony showed it was in a state of fermentation at the time it was found. We think the court was right in overruling defendant's motion. From the nature of the mixture, the quantity, and the location in which it was found, the jury were qualified to determine whether it was to be used for a purpose which from its very nature it seemed to be most likely to be used, or for some kind of feed for domestic animals. The mixture must have been made for some purpose. When the motion to exclude the evidence was made, no attempt had been made to explain what use defendant had for the "mash" or mixture. A sample of the mixture was exhibited to the jury. The evidence is that it contained yeast. It is not likely that yeast would have been added for any purpose other than to produce fermentation.

Objection was made to the State's instruction, given, as follows: "The court instructs the jury that the law is that a man is taken to intend that which he does, or which is

the natural consequences of his own act, and therefore if they believe from the evidence beyond a reasonable doubt that John Barkoski made or had in his possession as charged in the warrant in this case a mixture of crushed cereals and other materials commonly known as 'mash' for the purpose of making intoxicating liquors, they should find him guilty.''

The first objection assigned is that the instruction presents a mere abstract principle of law and is not predicated on the evidence in the case. The first clause of the instruction may be abstract in form; but the jury were further told that if they believed the defendant had in his possession as charged in the warrant a mixture of crushed cereals and other materials commonly known as mash, for the purpose of making intoxicating liquors, they should find him guilty. The instruction follows the wording of the warrant and the statute under which it was drawn, section 37, chapter 32A, Barnes' Code, 1923. The State's evidence was that the mixture found in defendant's possession was fermenting, and was what is commonly denominated ''mash''; and with the exception of the particular ingredients composing the mash, and the place where it was found, the instruction covered the whole case as presented by the evidence.

It is submitted that the instruction should have gone further and told the jury that the mash was for the purpose of making intoxicating liquors ''with a moonshine still.'' In *State* v. *Patachas,* 96, W. Va., 203, decided at this term, we held that where it is shown that the possession of such mixture as is described in this case was for the purpose of making intoxicating liquors, it is not necessary to show that such liquors were to be made by the use of a moonshine still.

·Defendant asked for the following instruction, which the trial court rejected: ''The court instructs the jury that all substances, including that exhibited before you, which consists of crushed corn, prunes and peaches with the addition of water, and not for the purpose of distillation is wine, and before you can find the defendant guilty of any offense you

must believe from the evidence beyond a reasonable doubt one or the other of the following existed.

"1. That the beverage exhibited was for the purpose of distillation.

"2. That the defendant did sell, keep, store, offer or expose for sale, solicit or receive orders for the substance exhibited, and if you do not so believe then you should find the defendant not guilty."

The first proposition advanced by this instruction is fully answered by the opinion in the case of *State* v. *Patachas,* cited above. As to the second proposition, defendant was not charged with the offense created by section 3 of chapter 32A of the Code, that of keeping, storing, offering or exposing for sale intoxicating liquors, but for the offense of having in his possession "mash," for the purpose of making intoxicating liquors, as defined by section 37 of said chapter.

The judgment will be affirmed.

*Affirmed.*