# CHARLESTON.

STATE v. H. S. COLLINS

(No. 5314)

Submitted September 22, 1925. Decided September 29, 1925.

1. CARRIERS—*Rule of State Road Commission Against Granting Permit Authorizing Use of Public Road for Motor Vehicles Carrying Passengers or Property for Hire Over Any Road Part of Which is Under Construction, Held Not to Warrant Operation of Such Car Over Such Road Without Permit.*

It is unlawful to operate a motor vehicle over a public road or highway between fixed termini over a regular route, for transportation of persons or property, or both, for compensation, until the owner or operator shall have first applied to and received from the State Road Commission a permit or certificate of convenience authorizing such use and operation. The fact that the State Road Commission has promulgated and put in effect a rule that it will not grant such permit or certificate to operate such vehicle over any public road, all or part of which is under construction or contract of construction, will not warrant the operation of such car over such route and between fixed termini without such permit or certificate. (p. 19.)

(Carriers, 10 C. J. § 1069).

2. SAME—*Indictment for Operating Automobile to Carry Passengers or Property for Hire Over Public Road Must Allege Want of Permit From State Road Commission; in Prosecution for Operating Motor Vehicle on Public Roads Without Permit, Burden is on Accused to Prove That he Had Permit.*

In an indictment in such case, it is necessary to allege the want of a certificate of public convenience or permit from the State Road Commission, but the burden is on the accused to prove that he had such permit or certificate. (p. 21.)

(Carriers, 10 C. J. § 1069 [Anno.]).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Lewis County.

H. E. Collins was convicted of operating a motor car for hire over a public road without a permit or certificate of convenience from the State Road Commission, and he brings error.

*Affirmed.*

*R. F. Kidd* and *L. H. Barnett,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, PRESIDENT:

The indictment charged H. S. Collins with unlawfully operating a motor car for hire over a public road and highway between Weston in Lewis County, and Glenville in Gilmer County, as fixed termini of his route, without having first made application to and received from the State Road Commission a permit or certificate of convenience so to do. Verdict of guilty as charged was returned, and a fine of $100.00 imposed by the court, July 6, 1925. Writ of error was granted.

Sub-section Class H of Sec. 82, Chap. 6, Acts 1923, provides that no motor or other vehicle shall be operated over any public road or highway for the public transportation of passengers or property for compensation, until the owner or operator shall have first made application to and secured from the State Road Commission a permit or certificate of convenience to operate such vehicle. The penalty for violation is a fine of not less than $5.00 nor more than $200.00.

There is practically no conflict in the evidence. Quite a number of witnesses testified, among whom were passengers who had been transported by defendant from one terminus to the other for the sum of $3.00 per trip. One witness operated a car for defendant. Defendant had advertised in the public press a taxi service between the termini named, the cars to leave Glenville at 7:30 A. M. and 1 P. M.; and to leave Weston at 8 A. M. and 1 P. M. every day, the fare being fixed at $3.00. He had been carrying passengers and baggage in accordance with this advertisement on the day mentioned in the indictment and on subsequent days up until the indictment was found by the grand jury. On the cars themselves was printed the termini and the fare for carrying the passengers between those points.

It appears that defendant had been granted a taxi license. He did not testify. His defense was made up of the intro-

duction of section 6 of the rules and regulations promulgated by the State Road Commission, which says: ''In no case will a permit be granted to operate vehicles over a road, all or part of which is under construction or under contract of construction, or for which a letting has been advertised, whether such construction, contract or letting is under the authority of the state road commission or of a county court.'' He proved by two witnesses, and it was also shown by direct and cross-examination of some of the State's witnesses, that during the period of time of unlawful operation alleged in the indictment, a part or parts of the road known as the Parkersburg and Staunton Pike (which seems to connect the termini) was undergoing regrading or repair, or improvement of like nature. On this evidence he rested his defense. There were two other routes or detours over which the cars were frequently operated while the pike was undergoing reconstruction or repair, designated as the Churchville way, and the road by Indian Fork and Sand Fork. The argument is that under the rule of the State Road Commission, above quoted, the pike between the termini being under reconstruction and repair, it would have been futile for defendant to apply for a permit, as no one was entitled thereto, and, therefore, he had the right to operate his cars without such permit or certificate.

The statute under which the indictment was found is designed as a revenue measure for the benefit and protection of the roads. No one is permitted to use any public road for transportation of persons or property for hire without a certificate of convenience from which a revenue is derived, measured by the number of cars used, the length of road travelled, and elements of like character. It is a plain violation of the statute to use by motor or other vehicle any of the roads as a regular route or between fixed termini for hire and reward, without the permit or certificate of convenience. That the State Road Commission would not grant a permit to defendant because of reconstruction or repair of a part of the road between the termini, or for any other good reason, such as want of necessity or public convenience, or that the public was already served by others, would not justify the

use of such motor for hire. In other words, the fact that he could not obtain the certificate of convenience or permit (if he had tried to do so) would not warrant his violating the plain provision of the statute. Therefore, State's instruction No. 2, given, which told the jury that if they believed from the evidence beyond a reasonable doubt that defendant on June 27, 1924, or on any other day from that date until the finding of the indictment, did operate a motor vehicle in Lewis County over a public road and highway between fixed termini from Weston to Glenville, West Virginia, for the public transportation of passengers or property for compensation, without having made application to and secured from the State Road Commission of said State a permit or certificate of convenience to operate such vehicle, they should find defendant guilty as charged; and the fact that a part of said public road was closed or under construction would not authorize such use of the road without said certificate or permit so to do, was properly given.

It is contended that improper evidence was introduced over objection of defendant. We are not pointed to the particular evidence which is claimed to be improper, and in the inspection of the record we perceive none. Moreover, the motion to set aside the verdict and grant a new trial was not based on that ground. The circuit court's attention was not directed to improper evidence. No bills of exception were taken showing the alleged improper evidence and the court's ruling thereon. *State* v. *Bingham,* 42 W. Va. 234; *State* v. *Noble,* 96 W. Va. 432, 123 S. E. 237.

Error is assigned because the State failed to show beyond a reasonable doubt that defendant did not have a certificate of convenience or permit from the State Road Commission. It was shown that defendant had a taxi license; but the State did not prove or attempt to prove that defendant did not have a permit or certificate of convenience to operate his cars between fixed termini and over a designated route. It was not incumbent upon the State so to do. *State* v. *Merico,* 77 W. Va. 314 and cases cited. The State offered evidence showing that defendant had been issued a license to operate a taxi, but upon objection of defendant's counsel the evidence was

rejected, the court holding that it was immaterial. The judge in ruling, remarked that defendant was charged with doing a certain business without a license or permit therefor; that, "It is incumbent on the State to make a prima facie showing of that situation. If the defendant has a license which meets the requirements of the State the burden is on the defendant to produce such license, is the general rule of .criminal procedure". No objection or exception was made to the court's remarks. It is now argued that the court's remark that, "It is incumbent on the State to make a prima facie showing of that situation," was prejudicial. No one could have been misled. The court was stating a general rule of criminal procedure in sustaining defendant's objection to the proffered evidence, pointing out that it was incumbent upon the State to show that defendant was doing a business which required a permit or certificate of convenience and that she did not have to prove a negative, that defendant did not have such permit or certificate. That was what was meant by a "prima facie showing of that situation". Alleged errors committed in the conduct of a trial will not be considered by the appellate court unless objections and exceptions are saved. Such errors are deemed to have been waived.

Finding no error, the judgment is affirmed.

*Affirmed.*