STATE v. CHESTER THOMAS

(No. 6888)

Submitted February 17, 1931.    Decided February 24, 1931.

*Strother & McDonald,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Chester Thomas, was convicted of unlawful wounding under section 9, chapter 144, Code 1923, and sentenced to confinement in the penitentiary for four years.

The assault occurred in a gambling room conducted by the victim, Nelson Beatty. Thomas, entering the place a short while before, promptly displayed interest in a card game to the extent of furnishing Dave Hunter, one of the players, two dollars for betting purposes. Hunter soon lost and retired. Whereupon Thomas sought admission to the game upon a favorable basis, claiming he had, through Hunter, contributed to the stakes. Beatty refused the request and a quarrel ensued between him and Thomas which ended temporarily by Beatty withdrawing from the room for the purpose, as he claims, of securing an officer to remove Thomas. Upon the return of Beatty, a few minutes later, the altercation was renewed with greater vigor, and when Thomas refused to leave, Beatty shoved the card table aside and advanced toward him. Thereupon Thomas drew a pistol and fired two shots at Beatty which took effect in his left arm, right hand and abdomen. They then grappled with each other for a few moments and separated; Beatty going to the hospital and Thomas, carryiny his pistol and a revolver which had fallen from the hand or body of Beatty, leaving through a back door.

194

The issues of fact are: (1) whether Beatty secured his pistol after the quarrel started, and (2) whether the defendant shot in self-defense. The evidence of the state tends to prove that Beatty was armed when Thomas entered the room and had made no attempt to draw his pistol before the shooting. The evidence for Thomas, on the other hand, is to the effect that Beatty secured the gun from an adjoining room after the controversy started, and had drawn it on Thomas or was in the act of so doing at the time the shots were fired.

Error is assigned to the rulings of the trial court (1) in granting instructions Nos. 2 and 3 on behalf of the state; (2) in refusing instruction No. 2 requested by the defendant; (3) in refusing to set aside the verdict as contrary to the law and the evidence; (4) in refusing to set aside the verdict on the ground of after-discovered evidence, and (5) in sentencing the defendant to four years in the penitentiary.

The jury were told by state's instructions Nos. 2 and 3 (which are of similar import) that the right of self-defense does not imply the right of attack and will not avail in any case where the difficulty was induced by the accused, unless before inflicting punishment on his adversary he declines further combat and retreats as far as he can with safety, and he then acts in order to preserve his own life or to protect himself from great bodily harm. These instructions are objected to as being abstract in form and without application to the evidence. The jury was instructed, at the instance of the defendant that if they found that Beatty, armed with a revolver, had attacked Thomas in such manner as to furnish him reasonable cause to believe and that he did believe he was in immediate danger of death or great bodily harm at the time of the shooting, to find him not guilty; and, further, "that if a person is unjustifiably and feloniously assaulted he does not have to retreat but may stand his ground and repel force by force as to him may seem reasonably necessary to meet the attack, even to the taking of the life of the assailant." Abstract instructions are not cause for reversal unless calculated to mislead the jury, considering the instructions as a whole. 14 R. C. L., 783-4. Defendant's instruction No. 3, on self-defense, which was refused, is substan-

tially covered by other instructions given at his instance.

The issues of fact involved conflicting testimony upon which the finding of the jury is conclusive.

The alleged after-discovered evidence, which defendant states he could not, by the exercise of reasonable diligence, discover before trial, is merely cumulative of the evidence adduced by him at the trial tending to show that Beatty obtained a pistol from an adjoining room, in which he conducted a restaurant, after the altercation started. "A new trial cannot properly be awarded upon after-discovered evidence that is merely cumulative." *Butts* v. *Butts,* 81 W. Va. 55; *Edwards* v. *Keifer,* 92 W. Va. 650.

Defendant complains under the last point of error of the severity of the sentence. We certainly cannot hold that the trial court has abused its broad discretion under the law. The injuries inflicted were of a grave and serious nature.

The judgment is, therefore, affirmed.

*Affirmed.*