WILLIE BAILEY

*v.*

FLOYD DeBOYD AND SERVICE STORAGE AND
TRANSFER COMPANY, A CORPORATION

(No. 10325)

Submitted April 10, 1951.   Decided May 8, 1951.

Fox, JUDGE, dissents.

*Fletcher W. Mann,* for plaintiffs in error.

*Meadows & Wilson* and *Leo Bridi,* for defendant in error.

LOVINS, JUDGE:

Willie Bailey instituted this action in the Circuit Court of Raleigh County against Floyd DeBoyd and Service Storage and Transfer Company, a corporation. A trial resulted in a verdict for plaintiff in the sum of $2500.00, upon which the trial court rendered judgment. Defendants were granted a writ of error to review that judgment.

The litigants will be hereinafter designated by name or as plaintiff and defendants, respectively.

Plaintiff, in the afternoon of August 22, 1949, while riding in an automobile driven by her husband, suffered personal injuries resulting from a collision between the automobile in which she was riding and a motor truck driven by DeBoyd and owned by the corporate defendant.

The collision occurred on a public road between Beckley and the town of Glen Rogers near Pritchard Park. The road on which the accident occurred is paved with a tar or asphalt preparation, referred to in the record as "blacktop," in the immediate vicinity of the accident is winding, and the paved portion is approximately fourteen feet in width.

At the time the accident occurred, the road was wet from a light rain then falling. The automobile and the truck, which were traveling in opposite directions, collided at or near the foot of a grade which the truck had just descended.

Testimony in behalf of the plaintiff shows that the right wheels of the automobile were off the pavement and on the berm of the road. DeBoyd testified that all of the wheels of the plaintiff's automobile were on the pavement. After the collision occurred, the front end of the truck was against the bank at the side of the road

and the rear end had slipped to the other side so that the truck was diagonally across the road. The rear portion of the body of the truck collided with the front portion of the automobile, which was stopped at the time of the collision.

The plaintiff, after a short lapse of time, was removed to a hospital at Beckley where she received first aid, and the laceration on her face, hereinafter mentioned, was sutured. She was then allowed to leave the hospital and returned once or twice thereafter.

Plaintiff suffered a laceration on her right forearm in which a small fragment of glass was imbedded, a fairly deep laceration next to the bridge of her nose, which extended diagonally and upward for approximately four inches, an injury to her back, and other minor bruises and abrasions. The injuries left facial scars which will be permanent. Plaintiff testified that her nose was sore at the time of the trial; that she had suffered from headaches and nervousness since the injury; that she did not suffer from such conditions prior to the injury; and that she had not done any housework since she was injured.

The testimony of the two physicians was to the effect that plaintiff's recovery was good; that she will suffer no permanent injury; but that the scars on her face will probably be permanent. One of the physicians testified that the symptoms relating to the headaches and nervousness were subjective and that he could find no objective symptoms in connection with her injuries which would cause headaches and nervousness. The other physician testified that he was unable to determine whether the headaches and nervousness claimed by plaintiff have any connection with her injuries.

Defendants contend that the trial court erred: (1) In giving Plaintiff's Instruction No. 5; (2) In refusing to give Instruction F tendered by defendants; (3) In refusing to set aside the verdict as excessive.

The trial court, over the objection of defendants, gave Plaintiff's Instruction No. 5, reading as follows:

"THE COURT INSTRUCTS THE JURY that if they believe from the evidence in this case that the plaintiff is entitled to recover, then it will be their duty to award her such damages as will be a fair and just compensation for the injury sustained, not to exceed ten thousand dollars; and the Court further instructs the jury that in assessing damages it is proper for them to take into consideration the extent of the injuries suffered, the bodily pain and suffering endured by her, or that necessarily in the future must be endured by her, as a result of the injury, and any disfigurement to the person and any injury to the health that has occurred or must necessarily occur as a result of the injury."

The defendants objected to Instruction No. 5 as follows: "The defendants object to the giving of Plaintiff's Instruction No. 5 because it does not properly state the true measure of damages in the case. The instruction is not supported by the evidence, and contains elements of damages that are not supported by the evidence which would be improper for the jury to base a verdict on."

Defendants contend that by the foregoing instruction the jury was authorized to assess damages for injury to plaintiff's health and for future suffering; that such future elements of damages are emphasized in the instruction; and that since the evidence discloses that plaintiff was completely recovered at the time of the trial there was no basis for a finding of future injuries to her health or for future suffering.

The principle authorizing an award of future damages resulting from personal injury is stated in the following language: "According to an abundance of authority 'the future effect of an injury upon the earning capacity of the person injured must be shown with reasonable certainty to authorize a recovery of damages for a permanent injury. A mere conjecture or even a probability does not warrant the giving of damages for a future disability

734

which may never be realized.'" *Wilson* v. *Fleming,* 89 W. Va. 553, 559, 109 S. E. 810. In *Thomas* v. *Traction Company,* 90 W. Va. 681, 686, 112 S. E. 228, *Wilson* v. *Fleming, supra,* is distinguished, but the principle enunciated in the *Wilson* case is approved. The rule is likewise approved in *Peck* v. *Bez,* 129 W. Va. 247, 40 S. E. 2d 1. This Court is committed to the rule of "reasonable certainty" of the occurrence of future permanent damages resulting from a personal injury. See 81 A.L.R. 439, et seq., where numerous authorities are cited. The Supreme Court of Appeals of Virginia, in the case of *Norfolk Ry. & Light Co.* v. *Spratley* (Va.), 49 S.E. 502, adopts the rule that the jury may consider what will be the reasonable and probable result of such injuries. Such rule permits the jury to consider "in addition to the expenses and pain and loss already incurred and suffered, such as would naturally, reasonably, and probably result to the plaintiff as a consequence of his injuries." In 5 M.J. 521, the rule of reasonable certainty is distinguished from reasonable probability or likelihood of future suffering. This Court is too firmly committed to the rule of reasonable certainty to deviate from it now, and we reiterate our adherence to that rule. But even applying the stricter rule obtaining in this jurisdiction, we can perceive no objection to plaintiff's Instruction No. 5. The instruction told the jury that they could consider the bodily pain and suffering of plaintiff "that necesarily in the future must be endured by her, as a result of the injury," and likewise the injury to her health which "must necessarily occur as a result of the injury." With this language in the instruction in the instant case it is readily seen that it is a different instruction from that considered in the case of *Jones* v. *Berry,* 130 W. Va. 189, 45 S.E. 2d 1. The instruction given in *Jones* v. *Berry, supra,* assumed the possibility of future suffering. In the instant case, such suffering and injuries must *necessarily result from the injuries suffered by the plaintiff.* Furthermore, the instruction in the instant case submits to the jury whether the future injury to plaintiff's health and future pain and suffering

will necessarily result from the injuries suffered by her. It is shown by evidence that the plaintiff suffered somewhat serious injuries; that the scars on her face will be permanent; that she was suffering from a sore nose at the time of the trial; that she had not performed any of her duties as a housewife since the injury; and that she suffered from headaches and nervousness, although the headaches and nervousness were not accompanied by objective symptoms. The jury had the right to pass on the plaintiff's testimony.

But even assuming that the defendants are correct in their objection to Plaintiff's Instruction No. 5, we are faced with the inquiry whether the objections to Instruction No. 5 were sufficiently specific.

Rule VI, sub-paragraph (e) of Rules of Practice and Procedure for Trial Courts in West Virginia, at page lxiii, reads in part as follows: "* * * specific grounds of objection only will be considered * * *." Commencing with the case of *Hale* v. *McGinley*, 119 W. Va. 565, 566, 195 S.E. 201, it was held that "Rule VI (e), Rules of Practice and Procedure for Trial Courts in West Virginia, sanctions the consideration of only specific objections to instructions. That rule is given statutory effect by Acts 1935, Chapter 37. A general objection to an instruction will not subject it to judicial scrutiny." The rule above quoted has been applied to variant situations in many cases decided by this Court, unnecessary to cite. Rule VI (e), however, is inapplicable to felony cases. *State* v. *Belcher*, 121 W. Va. 170, 2 S.E. 2d 257.

Applying the principle laid down in *Hale* v. *McGinley*, *supra*, the objection of defendants to the giving of instruction No. 5 was not specific enough to call attention of the Court to the element of future damages and injury to plaintiff's health, and even if it were reversible error, which it was not, to give Plaintiff's Instruction No. 5, such error could not be considered on this writ of error.

The error grounded on refusal of Defendants' Instruction F is without merit. Instruction F was predicated

upon the premise that the accident was unavoidable and that, on account of the weather and slippery condition of the road, the sliding of the truck was due to the curve and elevation of the road and that such circumstances were beyond the control of the defendant DeBoyd.

Instruction C tersely instructed the jury that if it was found that the accident in this case was unavoidable by the use of reasonable care on the part of DeBoyd that the jury should find for the defendants. Instructions C and E, tendered by defendants and given, embodied the element contained in the instruction refused. The giving of instruction F would have constituted a needless repetition of instructions C and E.

"Duplication of instructions is unnecessary and undesirable." *Drake* v. *Hardware & Sup. Co.*, 110 W. Va. 63, 157 S.E. 35. See *State* v. *Thomas*, 110 W. Va. 192, 157 S.E. 162; *Franklin* v. *Pence*, 128 W. Va. 353, 364, 36 S.E. 2d 505; *State* v. *Hudson*, 128 W. Va. 655, 667, 37 S.E. 2d 553.

The medical testimony as to the permanent effects of the injury was limited to scars suffered by the plaintiff. It is shown that the plaintiff had made a good recovery, but she testified, and it is not contradicted, that she has suffered from headaches and nervousness since her injury, and that her face in the region of her nose is sore.

"A verdict should be set aside on the ground of excessiveness when it is so large as to indicate that the jury was moved by prejudice or partiality or some other improper consideration, or acted in a mistaken view of its duty." *Snodgrass* v. *NuGrape Co.*, 113 W.Va. 748, 169 S.E. 406; *Chafin* v. *Railway Co.*, 80 W.Va. 703, 93 S.E. 822. Notwithstanding that a judge of a court may think it would be too large and be unwilling to assess as large an amount as the jury did, that is not ground for setting aside a verdict. *Vest* v. *Railway Co.*, 117 W.Va. 457, 187 S.E. 358.

It requires no citation of authority to sustain the principle that if the amount of the verdict is supported by a

preponderance of the evidence in a civil case the amount thereof is generally a question for the jury.

There is no evidence in this record to indicate that the jury was moved by prejudice or partiality or gave improper consideration to any element, or acted with a mistaken view of its duty. Therefore, it cannot be said that the verdict is excessive as a matter of law.

Accordingly, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*

F'ox, PRESIDENT, dissenting:

In the case of *Jones* v. *Berry,* 130 W. Va. 189, 45 S. E. 2d.1, this Court held:

> "In the trial of an action involving a personal injury, where there is no evidence tending to show that, as a result of such injury, the injured person would probably be caused to undergo future physical and mental suffering, the giving of an instruction by the trial court, at the instance of the injured party, the plaintiff in the action, telling the jury that it is at liberty to consider the physical and mental sufferings to which he had been subjected 'and will be subjected by reason of such injuries,' is error."

This plainly held that an instruction permitting a jury to award damages for future suffering must be based on evidence that such suffering would probably continue beyond the date of the verdict. Instruction No. 1 in this case does not in plain language depart from such principle because it uses the words "supported by evidence". My dissent in this case is based in part on the belief that it was improper to give such an instruction because the evidence in the case does not warrant an instruction permitting the jury to award damages for future pain and suffering. The mere mention of such pain and suffering furnished the jury with the opportunity to allow therefor, which probably accounts for the amount of the verdict returned. As I read the record in this case, there is no showing whatever that the plaintiff will endure

future pain and suffering. There is some evidence in the case that she has had headaches, but the medical testimony is that they do not result from her injury. The evidence shows that there has been a complete recovery from all injuries sustained, although some scars and disfigurement will remain, for which she is entitled to recover. The instruction which covered bodily pain and suffering endured by her before trial also covered disfigurement to the person, and injury to health that had occurred or must necessarily occur as a result of such injury. There is, as I say, no evidence that she will suffer bodily pain, and *Jones* v. *Berry, supra,* expressly held that where there was no evidence of probable future physical and mental suffering such an instruction ought not be given. I think we ought to be consistent in these cases, and I think the present decision is a plain departure from the rule laid down in *Jones* v. *Berry, supra.*

Nor do I agree with the holding of the Court that there was no specific objection to Instruction No. 5. If that instruction had any purpose whatever it was to define the measure of damages. The defendants objected to the instruction that: "it does not properly state the true measure of damages in the case. The instruction is not supported by the evidence, and contains elements of damages that are not supported by the evidence which would be improper for the jury to base a verdict on." If that does not specifically state an objection to the instruction, I do not know what language could be used to make the objection more specific. It first states that the instruction did not state the true measure of damages; then states that it is not supported by the evidence; and then states that it contains elements of damages that are not supported by the evidence, and which would be improper for the jury to base a verdict on. Certainly it must be admitted that it would not be proper to base a verdict in whole or in part upon future sufferings, when the evidence did not show such future suffering would probably occur.

For these reasons, I dissent.