93 S.E.2d 526 (1956)
142 W.Va. 56
STATE of West Virginia
v.
John CIRULLO.
No. 10763.
Supreme Court of Appeals of West Virginia.
Submitted April 25, 1956.
Decided June 26, 1956.
*528 Paul A. Poulicos, Clarksburg, for plaintiff in error.
John G. Fox, Atty. Gen., Harold A. Bangert, Jr., Asst. Atty. Gen., for defendant in error.
*527 HAYMOND, Judge.
At the March Term, 1954, of the Criminal Court of Harrison County, the defendant, John Cirullo, was indicted for a misdemeanor by a grand jury of that county then attending that term of the court. The indictment charged that the defendant, in November 1953, "and within one year prior to the finding of this indictment, in the said County of Harrison, did unlawfully, without a state license and without authorization under the Liquor Control Act, sell to one Clarence Neil Davis a quantity of alcoholic liquor, to-wit, one (1) drink of Calvert's Reserve Blended Whiskey for the price of sixty *529 cents (0.60); against the peace and dignity of the State."
To the indictment the defendant filed a plea in abatement by which he challenged the validity of the indictment on the ground that the grand jury which returned it was not a legally constituted grand jury and the defendant insists that for that reason the indictment is void. The trial court sustained the demurrer filed by the State to the plea in abatement. The defendant then filed his plea of not guilty.
The jury returned a verdict of guilty as charged in the indictment against the defendant. The trial court overruled the motion of the defendant to set aside the verdict and to grant him a new trial and, by final judgment entered April 10, 1954, sentenced the defendant to be confined in the jail of Harrison County for a period of one year and to pay a fine of five hundred dollars and costs. On March 12, 1955, the Circuit Court of Harrison County refused to grant a writ of error and supersedeas to the judgment of the criminal court; and on September 12, 1955, this Court granted a writ of error and supersedeas to the foregoing judgment of the circuit court upon the application of the defendant.
On Saturday, November 21, 1953, from about seven forty five o'clock in the evening until about eleven o'clock that night, Clarence Neil Davis, the prosecuting witness, a newly appointed deputy sheriff of Harrison County upon whose testimony the indictment was found, in company with two other deputy sheriffs, Elmo Taggert and Sam Fury, all of whom were dressed in plain clothes, was engaged in patrolling in an automobile the roads in Harrison County. Davis testified that while so engaged he left the automobile and the two other deputies at a place known as the Carnation Plant located on old U. S. Route No. 50 in Harrison County; that when he left them the two deputies agreed that they would meet him later during the evening; that he then went to a nearby tavern and dance hall called the Skylark Club; that after he entered the club about ten thirty o'clock that night he saw the defendant and another man behind the bar and three other persons at the bar; that he had a conversation with the defendant and asked him about a square dance which apparently was held at the club each Saturday night and was told by the defendant that the dance would not start until after midnight; that he then asked the defendant if he sold whisky and the defendant replied "That is my business."; that Davis ordered a drink of Calvert Reserve Whisky and a "seven-up chaser" which were sold to him by the defendant and for which Davis paid the defendant sixty cents; that immediately after Davis had taken the one drink he left the club; that his visit there had lasted less than thirty minutes; that after he departed from the club he rejoined the other two deputy sheriffs at a bus station; and that they then went to Clarksburg where they arrived at about ten forty five o'clock that night.
Deputy Sheriff Fury, the only other witness produced by the State, testified that he was with Davis and Taggert in the automobile in which they were patrolling the roads in Harrison County on the night of November 21, 1953; that none of them had drunk any alcoholic liquor before Davis went to the Skylark Club; and that when Davis rejoined them after his visit to the club the witness detected an odor of alcoholic liquor on his breath. Deputy Sheriff Taggert was ill at the time of the trial and did not appear as a witness.
Three witnesses in behalf of the defendant, Girard, Boothe and Germont, who were employed by the defendant at the Skylark Club on Saturday nights, testified that they were present in the club on the
night of November 21, 1953, both before and after the dance began; that the defendant usually did not come to the club until about midnight; that the defendant *530 was in the club that night but that he was; not behind the counter at any time until long after midnight; and that they did not see Davis in the club at any time that night.
The defendant did not testify as a witness in his own behalf. He was not arrested by Davis at the time of the sale of the whisky on November 21, 1953, and he was not indicted for that offense until March 3, 1954.
The defendant assigns as error the action of the trial court: (1) In sustaining the demurrer to the plea in abatement; (2) in giving, over the objection of the defendant, Instructions Numbers 1 and 2 offered by the State; (3) in refusing to give Instructions Numbers 1, 5, 7, 9, 13, 19, and 20, offered by the defendant; (4) in permitting the prosecuting attorney in his argument to the jury to express his personal opinion of the guilt of the defendant and to urge the jury to return a verdict of guilty, and in permitting the prosecuting attorney to make certain comments concerning the failure of the defendant to disclose his presence in court, his failure to sit with his attorney during the trial, and certain conduct of the defendant in connection with his identification in court; (5) in sustaining objections to two questions propounded by the attorney for the defendant during his cross-examination of the witness Davis; (6) in refusing to set aside the verdict of the jury and to grant the defendant a new trial because the verdict is contrary to the law and the evidence and is not supported by the evidence; and (7) in entering judgment against the defendant that he be confined in jail for a period of one year and that he "pay a fine of five hundred dollars and costs.
The plea in abatement contains, among others, these allegations: That the indictment against the defendant was not found by a grand jury of the State of West Virginia, in and for the body of the County of Harrison, then attending the criminal court of that county, at the March Term, 1954, of that court, because the jury commissioners did not, at the levy term of the county court in the year 1953, or at any other time when required by the criminal court or the judge in vacation, prepare a list of not less than one hundred or more than two hundred qualified persons of the county for grand jury service; that the jury commissioners did not prepare any such list until December 9, 1953; "that the levy term of the County Court of said Harrison County for the year 1953, began on the 4th day of August, 1953, and ended on the 18th day of August, 1953, during the regular June, 1953, Term of said County Court and that the June 1953 Term of said County Court ended, and was adjourned without day, on the 8th day of September, 1953; that the jury commissioners of said Criminal Court for the year 1953 did, on 9th day of December, 1953, one hundred and twelve days after the adjournment of the levy term of the County Court of said Harrison County, in the year 1953, without warrant or authority of law, prepare a list of two hundred persons, of their county, for grand jury service, and delivered said list to the Clerk of the Criminal Court of said County and placed the names of the persons appearing thereon in a grand jury box in the custody of said Clerk; that on the 28th day of January, 1954, Graham I. Lynch and James E. Royal, the jury commissioners of said Criminal Court, met with the Clerk of said Court and drew from said jury box the names of sixteen persons placed in said box on December 9th, 1953, and said sixteen persons were thereupon summoned to appear as grand jurors on March 2nd., 1954, the first day of the regular March, 1954, term of said Criminal Court, and fourteen of said persons did appear in said Criminal Court on the first day of the regular March 1954, term thereof, of which one person stood aside, and together with three other persons selected by special jury commissioners, were sworn in, constituted and acted as the grand jury of the State of West Virginia, *531 in and for the body of said County of Harrison at said March 1954 term of said Criminal Court, and were then and there the same persons and the same purported grand jury that returned and found the indictment herein against this defendant at said March, 1954, term of said Criminal Court; that the grand jurors who found and returned the indictment herein against this defendant were not drawn or selected from any lawful, proper or authorized list of names prepared by the said jury commissioners of the Criminal Court of Harrison County, West Virginia, for grand jury service and that the said indictment returned herein against this defendant was not found or returned by a grand jury selected or drawn from a list of persons duly and legally selected by said jury commissioners to serve as such grand jurors, and this the said defendant is ready to verify."
There is no allegation in the plea in abatement that the persons selected for grand jury service from the list prepared by the jury commissioners and who served as members of the grand jury were not qualified, except for the manner of their selection, for service as grand jurors, or that the acts and the omissions complained of resulted in any prejudice to any right of the defendant.
The allegations of the plea in abatement directly present the question whether the provision of Section 2, Article 2, Chapter 52, Code, 1931, that the jury commissioners "shall, at the levy term of the county court each year, and at any other time when required by the court which appointed them, or the judge thereof in vacation, prepare a list of not less than one hundred nor more than two hundred qualified persons of their county, for grand jury service," is mandatory or directory. This identical question was considered and determined in the case of State v. Carduff,___W.Va.___ , 93 S.E.2d 502, decided at this term of this Court. In point 2 of the syllabus in that case this Court held that "The provision of Section 2, Article 2, Chapter 52, Code, 1931, that the jury commissioners `shall, at the levy term of the county court each year, and at any other time when required by the court which appointed them, or the judge thereof in vacation, prepare a list of not less than one hundred nor more than two hundred qualified persons of their county, for grand jury service,' in requiring the preparation of such list, is mandatory and strict compliance with that requirement is essential to the selection of a lawful grand jury, but, in specifying the time at which such list is to be prepared and the maximum number of qualified persons whose names are to be placed upon it, the provision is directory and substantial compliance with those requirements is sufficient in the selection of a lawful grand jury." See State v. Gory,___ W.Va.___, 93 S.E.2d 494; State v. Jaranko, ___ W.Va. ___, 93 S.E.2d 537; which were also decided at this term of this Court.
The failure of the jury commissioners of the county to prepare the list of persons qualified for grand jury service during the annual levy term of the county court and the delay of one hundred and twelve days after the adjournment of the levy term in preparing the list did not render the grand jury selected from such list an unlawful or improperly constituted grand jury or vitiate the indictment returned by such grand jury when the persons selected for grand jury service were competent and qualified for such service and the foregoing action of the jury commissioners did not result in any prejudice to any right of the defendant. As the grand jury which returned the indictment against the defendant was a legally constituted grand jury and as the indictment is in all respects valid, the trial court properly sustained the demurrer to the plea in abatement.
The defendant contends that it was error to give Instructions Numbers 1 and *532 2, offered by the State, because the indictment is void and because the State failed to prove that the defendant did not have a license or was acting without authorization under the Liquor Control Act [Code, 60-1-1 et seq.] There is no merit in this contention. As already pointed out the indictment is valid. The State was not required to prove that the defendant did not have a license to sell intoxicating liquors or that he did not have authority to do so under the statute. When a sale of spirituous liquor has been proved it is presumed that it was made without license or authority; and to justify such sale the defendant must produce his license or authority. State v. Carduff,___W.Va.___, 93 S.E.2d 502; State v. Tygarts Valley Brewing Company, 71 W.Va. 38, 75 S.E. 149. "On an indictment for unlawfully selling spirituous liquors without a state license therefor, it is not incumbent on the state to prove that defendant had no license to sell. If a sale be proven, it is presumed to have been made without license, and, to justify it, defendant must produce his license." Point 1, syllabus, State v. Tygarts Valley Brewing Company, 71 W.Va. 38, 75 S.E. 149. See also-State v. Carduff, ___W.Va. ___, 93 S.E.2d 502; State v. Merico, 77 W.Va. 314, 87 S.E. 370.
Instructions Numbers 1 and 5, offered by the defendant, were properly refused. Instruction Number 1 would have told the jury that if any witness in behalf of the State was unfriendly to the defendant the jury had the right to consider that fact in weighing the testimony of the witness. Instruction Number 5 dealt with the weight of the testimony of a defendant and would have told the jury that his evidence was entitled to the same weight as that given to the evidence of other witnesses testifying in the case. There was no showing that any witness in behalf of the State was unfriendly to the defendant; and the defendant did not testify in his own behalf. In consequence neither instruction was based upon the evidence.
An instruction which is not sustained by evidence should not be given. Rees Electric Company, Inc., v. Mullens Smokeless Coal Company, ___ W.Va.___, 89 S.E.2d 619; Ward v. Smith, ___ W.Va. ___,86 S.E.2d 539; Higgs v. Watkins, 138 W.Va. 844, 78 S.E.2d 230; Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Thrasher v. Amere Gas Utilities Company, 138 W.Va. 166, 75 S.E.2d 376; Ballengee v. Whitlock, 138 W.Va. 58, 74 S.E.2d 780; Cato v. Silling, 137 W.Va. 694, 73 S.E.2d 731; Kap-Tex, Inc.; v. Romans, 136 W.Va. 489, 67 S.E.2d 847; Thomason and Beggs v. Mosrie, 134 W.Va.634, 60 S.E.2d 699; Chesapeake and Ohio Railway Company v. Johnson, 134 W.Va. 619, 60 S.E.2d 203; Tennessee Gas Transmission Company v. Fox, 134 W.Va. 106, 58 S.E.2d 584; Davis v. Pugh, 133 W.Va. 569, 57 S.E.2d 9; Wright v. Valan, 130 W.Va. 466, 43 S.E.2d 364; State v. Humphreys, 128 W.Va. 370, 36 S.E.2d 469.
The trial court did not commit error in refusing to give Instructions Numbers 7, 9, 13, 19, and 20 requested by the defendant. These instructions dealt with the principle of the presumption of innocence of the defendant or with the requirement that the evidence, to convict the defendant, must establish his guilt beyond a reasonable doubt. The substance of each instruction was fully covered by other instructions which were given at the instance of the defendant. Duplication of instructions is neither necessary nor deirable. Davis v. Sargent, 138 W.Va. 861, 78 S.E.2d 217; Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164; Thrasher v. Amere Gas Utilities Company, 138 W.Va. 166, 75 S.E.2d 376; Bailey v. DeBoyd, 135 W.Va. 730, 65 S.E.2d 82; Kelly v. Rainelle Coal Company, 135 W.Va. 594, 64 S.E.2d 606; Davis v. Pugh, 133 W.Va. 569, 57 S.E.2d 9; Franklin v. Pence, 128 W.Va. 353, 36 S.E.2d 505; Robertson v. Hobson, 114 W.Va. 236, 171 S.E. 745; State v. Thomas, 110 W.Va. 192, 157 S.E. 162; Drake v. Clay Hardware and Supply *533 Company, 110 W.Va. 63, 157 S.E. 35; State v. Bowles, 109 W.Va. 174, 153 S.E. 308; State v. Peoples, 106 W.Va. 262, 145 S.E. 389.
The remarks of the prosecuting attorney in his argument to the jury expressing his personal opinion of the guilt of the defendant and urging the jury to return a verdict of guilty, assigned as error by the defendant, are not disclosed by the record. For that reason those matters can not be considered or reviewed upon this writ of error.
It appears from the record that though the defendant was present in the rear of the courtroom during the trial of the case he did not sit at the counsel table with his attorney while the trial was in progress. During the cross-examination of Davis, the prosecuting witness, the attorney for the defendant asked him if he could identify the defendant and the witness answered that he could "point him out." These proceedings then occurred:
"Q. Will you please point him out?
"The Court: If you care to, Mr. Davis, you may walk back in the court room so you may get a better view. Go back as far as you want to.
"Whereupon the witness leaves the witness box and walks back through the center aisle.
"Mr. Ziegler: I am going to strenuously object to this course of procedure being pursued in this court room by this witness covering up his face.
"Q. (Continued) Can you identify him?
"A. Yes, sir, from the fifth row between the two gray haired gentlemen.
"The Court: What do you mean from the fifth room?
"A. Counting from here back, third man from this end of the seat.
"The Court: I take it your objection does not call for a ruling?
"Mr. Ziegler: No, it does not call for a ruling.
"The Court: Go ahead.
"Mr. Poulicos: That is all."
As no objection was interposed by the defendant to any of the foregoing occurrences or to any remark of the prosecuting attorney relative to the failure of the defendant to sit at the counsel table with his attorney, any resultant error must be deemed to have been waived by the defendant and will not be considered or reviewed by this Court. To take advantage of remarks or acts of counsel which may be considered improper the aggrieved party must object and request the court to instruct the jury to disregard them or move for a mistrial. Tennessee Gas Transmission Company v. Fox, 134 W.Va. 106, 58 S.E.2d 584; State v. Lewis, 133 W.Va. 584, 57 S.E.2d 513; Gilkerson v. Baltimore and Ohio Railroad Company, 132 W.Va. 133, 51 S.E.2d 767; Yuncke v. Welker, 128 W.Va. 299, 36 S.E.2d 410; State v. Files, 125 W.Va. 243, 24 S.E.2d 233; State v. Fisher, 123 W.Va. 745, 18 S.E.2d 649; Deitz v. The County Court of Nicholas County, 122 W.Va. 296, 8 S.E.2d 884. "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Point 6, syllabus, Yuncke v. Welker, 128 W.Va. 299, 36 S.E.2d 410; point 5, syllabus, Ritz v. Kingdon, 139 W.Va. 189, 79 S.E.2d 123.
The defendant complains of the action of the trial court in sustaining the objection of the prosecuting attorney to two questions propounded by the attorney for the defendant to the prosecuting witness Davis during his cross-examination of that witness. These questions were: "Whose idea was it you go to the Skylark?" and "Mr. Davis, were you ordered to go to the Skylar Club?" The record does not show an answer by the witness to *534 either question and no avowal was made of any answer which the witness was expected to give. An exception to a ruling sustaining an objection to a question propounded to a witness will not be reviewed in the absence of an offer which shows the contents of the expected answer to such question. Cutchin v. City of Roanoke, 113 Va. 452, 74 S.E. 403. In Kay v. Glade Creek and Raleigh Railroad Company, 47 W.Va. 467, 35 S.E. 973, point 3 of the syllabus contains this language: "Where there is an exception to the ruling of the trial court, for allowing or refusing to allow a question to be answered by a witness, and it does not appear what the answer was, or what was expected to be proved by him, an appellate court will not consider the exception, as it cannot determine the relevancy, admissibility, or value of the answer or expected answer. If the question alone show that its answer must be material, and it is refused, it is different. If an answer is stricken out, it must appear, else it will not be considered." In State v. Taylor, 130 W.Va. 74, 42 S.E.2d 549, this Court used this language: "The court can not determine whether there was prejudicial error in the absence of the answers. State ex rel. Connellsville By-Product Coal Company v. Continental Coal Company, 109 W.Va. 557, 155 S.E. 667; State v.Bowles, 117 W.Va. 217, 185 S.E. 205." See also Tennessee Gas Transmission Company v. Fox, 134 W.Va. 106, 58 S.E.2d 584; Utt v. Herold, 127 W.Va. 719, 34 S.E.2d 357; State v. Bowles, 117 W.Va. 217, 185 S.E. 205; State v. Price, 92 W.Va. 542, 115 S.E. 393; Davis v. Laurel River Lumber Company, 85 W.Va. 191, 101 S.E. 447; State v. Sixo, 77 W.Va. 243, 87 S.E. 267; Smith v. White, 63 W.Va. 472, 60 S.E. 404, 14 L.R.A.,N.S., 530; Delmar Oil Company v. Bartlett, 62 W.Va. 700, 59 S.E. 634; State v. Clifford, 59 W.Va. 1, 52 S.E. 981; Williams, Adm'x v. Belmont Coal and Coke Company, 55 W.Va. 84, 46 S.E. 802; Sesler v. Rolfe Coal and Coke Company, 51 W.Va. 318, 41 S.E. 216. In State v. Carr, 65 W.Va. 81, 63 S.E. 766, this Court held in point 4 of the syllabus that "In order to make exclusion of offered evidence available as a ground of error in the appellate court, the record must be so prepared in the court below as to show what the excluded evidence was. There is no presumption as to what answer a witness would have made to a question propounded." As the record fails to disclose the answer of the witness to either question propounded to him this Court can not consider the assignment of error relating to that matter upon this writ of error.
The trial court did not commit error in denying the motion of the defendant to set aside the verdict and to grant him a new trial on the ground that the verdict is contrary to the law and the evidence and is not supported by the evidence. The evidence upon the issue of the guilt or the innocence of the defendant is conflicting;, and when the fact of guilt or innocence depends upon the conflicting evidence of witnesses to the crime the jury is the sole judge of the weight and the credibility to be given to their testimony. State v. Carduff, ___ W.Va.___, 93 S.E.2d 502; State v. Scurlock, 99 W.Va. 629, 130 S.E. 263; State v. Harlow, 137 W.Va. 251, 71 S.E.2d 330; State v. Magdich, 105 W.Va. 585, 143 S.E. 348; State v. Stewart, 63 W.Va. 597, 60 S.E. 591; State v. Kidwell, 62 W.Va. 466, 59 S.E. 494, 13 L.R.A.,N.S., 1024. See also State v. Spradley, ___ W.Va. ___, 84 S.E.2d 156; State v. Stalnaker, 138 W.Va. 30, 76 S.E.2d 906; State v. Mayle, 136 W.Va. 936, 69 S.E.2d 212; State v. Sullivan, 55 W.Va. 597, 47 S.E. 267; State v. Cooper, 26 W.Va. 338. The evidence is sufficient to lead the jury to believe, beyond a reasonable doubt, that the defendant was guilty of the unlawful sale of the whisky as charged in the indictment and to justify his conviction of that offense; and the finding of the jury on that issue will not be disturbed by this Court. State v. Reppert, 132 W.Va. 675, 52 S.E.2d 820; State *535 v. Male, 103 W.Va. 355, 137 S.E. 751. A new trial will not be granted in a criminal case on the ground that the evidence is insufficient, when the verdict against the defendant is based on conflicting oral testimony and the credibility of witnesses is involved. State v. Spradley,___ W.Va.___, 84 S.E.2d 156; State v. Stowers, 66 W.Va. 198, 66 S.E. 323. "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the accused beyond a reasonable doubt, though the evidence adduced by the accused is in conflict therewith. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done." Point 1, syllabus, State v. Bowles, 117 W.Va. 217, 185 S.E. 205; point 8, syllabus, State v. Carduff, ___W.Va.___, 93 S.E.2d 502; point 1, syllabus, State v. Spradley, ___ W.Va. ___, 84 S.E.2d 156; point 3, syllabus, State v. Lewis, 133 W.Va. 584, 57 S.E.2d 513; point 1, syllabus, State v. Reppert, 132 W.Va. 675, 52 S.E.2d 820; point 2, syllabus, State v. Hacker, 130 W.Va. 91, 42 S.E.2d 559. See also State v. Taylor, 130 W.Va. 74, 42 S.E.2d 549; State v. Holmes, 125 W.Va. 97, 23 S.E.2d 61; State v. Gunter, 123 W.Va. 569, 17 S.E.2d 46; State v. Barkoski, 96 W.Va. 265, 122 S.E. 654; State v. Price, 94 W.Va. 644, 119 S.E. 874; State v. McLaughlin, 91 W.Va. 654, 114 S.E. 278; State v. Cook, 81 W.Va. 686, 95 S.E. 792; State v. Stewart, 63 W.Va. 597, 60 S.E. 591; State v. Henry, 51 W.Va. 283, 41 S.E. 439.
The judgment of the circuit court, refusing a writ of error and supersedeas, and the judgment of the criminal court are affirmed.
Affirmed.
RILEY, J, dissents. For dissenting opinion see 93 S.E.2d 535.